[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1081 
This is a disbarment proceeding in which the defendant has interposed exceptions of vagueness and of no cause of action to the petition.
The misconduct alleged and made the basis of the action for defendant's disbarment was *Page 1082 
misconduct connected with the collection and distribution of the proceeds of two insurance policies on the life of Albert Bibbins, a negro, who died intestate at his domicile in the city of New Orleans on February 28, 1933. The policies, which constituted the entire estate of the decedent, named no beneficiary and were valued in principal and accrued dividends at $1,448.34.
The petition alleges, in substance, that the decedent left surviving him a daughter, Hyacinth G. Bibbins, aged thirteen years, and his mother, Clara Bibbins, who resided in the parish of Orleans. That shortly after the death of Bibbins ineffectual attempts were made to collect the insurance policies through the New Orleans office of the insurer by the mother of the decedent, through her counsel, on behalf of his minor daughter as his sole heir, and also by Lydia Harris, the mother-in-law of the decedent, claiming to be a creditor. That the claimants were unable to reach an amicable adjustment as between themselves and the insurance company refused to pay the policies except to a duly appointed administrator.
That on September 8, 1933, the defendant, acting as the attorney for Lydia Harris and with knowledge of the claims of the minor daughter as the sole heir of the decedent to the proceeds of the policies and of the unsuccessful attempt of the parties to compose their differences as well as of the requirement of the insurer as a condition of payment, instituted a proceeding in the Twenty-Fourth judicial district court for the parish of Jefferson to have Lydia Harris appointed administratrix of the succession of Albert Bibbins, which proceeding bears the No. 10145 of the docket of that court. *Page 1083 
The defendant verified the petition filed by him for Lydia Harris, which set forth, among other things, that Albert Bibbins died in the city of New Orleans, but that he "was as much in the Parish of Jefferson as in any other Parish of the State, he having no fixed place of abode"; that he died possessed of no property other than the proceeds of the two policies of insurance for the collection of which the appointment of an administrator was necessary. Then follows article II of the petition, which reads as follows, viz.:
"Petitioner avers that both before and at the time of the filing of said petition in the Parish of Jefferson, defendant knew the decedent had died in the Parish of Orleans, and was buried in the Parish of Orleans, and that he resided in the Parish of Orleans at the time of his death; that the decedent owned no property whatever in the Parish of Jefferson, and that the sole assets of the decedent's estate consisted entirely of the proceeds of said two insurance policies; that there was no legal basis whatever to invoke the jurisdiction of the 24th Judicial District Court in the opening of the succession proceeding and that the only Court having jurisdiction of the administration of the estate of the decedent was the Civil District Court for the Parish of Orleans."
The petition further alleges that notwithstanding his knowledge of those things, defendant instituted the succession proceeding in the parish of Jefferson for the deliberate purpose of concealing the proceeding and all publications with reference thereto from the daughter of the decedent and her attorney, as well as those who might claim as creditors of the estate, none of whom had reason to anticipate *Page 1084 
the opening of the decedent's succession in any other parish than the parish of Orleans, his domicile, to the end that Lydia Harris would be free from opposition in the collection of her alleged claim as a creditor of the estate, which purpose defendant succeeded in accomplishing.
That in due course, without the knowledge actual or constructive of the adverse claimant or her attorney, defendant caused Lydia Harris to be appointed administratrix upon furnishing a bond of $1,500, with one Gemima Clay Tartt, a resident of New Orleans, as surety, and letters of administration issued to her.
That defendant failed to show before the district court of the parish of Jefferson that Lydia Harris was unable to give security in that parish and failed to inform the court that the surety on the administratrix' bond was a nonresident of the parish of Jefferson, to the end that the court might inquire into her qualifications to sign as such surety.
That Gemima Clay Tartt, both before and at the time she executed the bond in question, was in defendant's employ and at his instance and request executed a number of bonds for defendant's clients, which bonds were still executory, and the defendant well knew that Gemima Clay Tartt could not properly qualify as a surety for the amount of the administratrix' bond.
That defendant acting for Lydia Harris, administratrix, promptly collected the proceeds of the insurance policies and filed an administratrix' account in which the administratrix charged herself with the proceeds of the policies, to wit, $1,448.34, and after listing certain items as costs of *Page 1085 
administration, including a fee to her attorney of $250, claimed the remainder of $1,142.14 for alleged premiums paid on the policies, the proceeds of which constituted the only asset of the succession.
That neither the adverse claimant nor her counsel had any notice or knowledge of the filing of the account, and on November 13, 1933, no opponents appearing, the defendant caused the account to be approved and homologated, upon proof only by his ex parte affidavit as attorney for the administratrix; after which the administratrix disbursed the funds in accordance with her account.
That defendant's action in having his client appointed administratrix of decedent's estate in Jefferson parish enabled her, as he well knew, to collect the proceeds of the insurance policies free from the opposition he had every reason to believe would result had the succession been opened in the parish of decedent's domicile, with the result that practically the entire estate has been absorbed by the administratrix and the defendant as her attorney, seemingly without recourse by any party in interest against her or her surety, since the administratrix shortly after her account was approved changed her residence from the city of New Orleans to Biloxi, Miss., and her surety is of doubtful responsibility.
All of which the petition charges constituted gross professional misconduct calling for defendant's disbarment.
The defendant, under his exceptions, asserts that the petition fails to set forth the particular facts from which the conclusion is drawn that the decedent Albert Bibbins was domiciled in the city of New Orleans. Defendant *Page 1086 
alleges that the petition fails to set forth the maiden name of the predeceased wife, named Rosa Bibbins, of Albert Bibbins, the place and date of their supposed marriage, the place and date of the birth of Hyacinth Bibbins, and the place and date of the death of Rosa Bibbins. That the petition fails to specify the instances referred to as ineffectual attempts to collect the insurance policies and fails to give the specific dates and places at which the claimants were unable to amicably adjust their claims. That the petition fails to set forth the particular place or places Albert Bibbins lived or was supposed to live in the city of New Orleans. That where the petition refers to the daughter and sole heir of Albert Bibbins, to adverse claimants, or to "any party in interest," it fails to set forth the names and to give the facts showing that the daughter is the sole heir of the decedent. That the petition fails to mention the names and addresses of persons "who might claim as creditors of the estate," and their reasons for so claiming. That the petition fails to inform defendant of the manner in which he was charged with neglecting to advise the district court of Jefferson parish that the surety on the administratrix's bond was a nonresident and the manner in which defendant failed to establish that Lydia Harris was unable to furnish security.
Defendant also contends that the acts which are charged in the petition as misconduct are not sufficient to warrant his suspension or disbarment.
It has been held in a few jurisdictions that disbarment proceedings are of a quasi criminal nature, but by the weight of *Page 1087 
authority such proceedings are generally held to be of a civil nature. State v. Flynn, 160 La. 483, 107 So. 314. It has been held also that the proceeding to disbar an attorney is neither a civil action nor a criminal prosecution, but is a proceeding sui generis. In re Bowman, 7 Mo. App. 569.
Whether a disbarment proceeding be regarded as civil in its nature or as a special proceeding, neither criminal nor civil in character, the proceeding itself results from the inherent power of the courts over their officers, and is not intended to punish, but is intended to protect the courts, the profession and the public.
Consequently, in such a proceeding the technical nicety of pleading required in a suit between private parties where the court is called upon to adjudicate conflicting claims is not essential. All that is required is that the charges against the defendant shall be so specific as to fairly inform him of the misconduct of which he is accused.
Rule 18 of this court provides for the investigation of complaints looking to the suspension and disbarment of attorneys and for the institution of suits for that purpose in this court. No special form of pleading is prescribed by our rule or by statute. But in State v. Flynn, 160 La. 483, 107 So. 314, we said that a disbarment proceeding, being civil in its nature, was governed by the rules applicable to civil actions. But this does not mean that the petition in a disbarment proceeding must be drawn with the same precision of statement or with the same adherence to the codal formalities or recognized technicalities of pleading that are required in petitions in civil suits. It is sufficient if *Page 1088 
the petition in such a proceeding fully and fairly Informs the defendant of the charge or charges, so as to enable him to prepare his defense.
Turning now to the petition filed herein, we find that it contains a recital of a number of facts and circumstances touching defendant's conduct in opening and settling the succession of Albert Bibbins.
Stated briefly and narratively, the story told in the petition shows that the defendant opened the succession of Bibbins in the Twenty-Fourth judicial district court for the parish of Jefferson, when he well knew that there was no legal basis to invoke the jurisdiction of that court. That defendant knew Bibbins resided, died, and was buried in the city of New Orleans, and that the parish of Orleans was his domicile, and that the only court having jurisdiction of his succession was the civil district court for the parish of Orleans. That he qualified Lydia Harris, an alleged creditor, as the administratrix of the succession on a bond signed by an incompetent surety, which fact he concealed from the court. That defendant knew Albert Bibbins left a minor daughter as his sole heir, and that his purpose in qualifying his client as administratrix in the district court of Jefferson parish was for the purpose of concealing the proceeding and to collect and distribute the proceeds of two insurance policies, constituting the sole assets of the succession, free from any opposition on behalf of the decedent's minor daughter and sole heir, who lived in the parish of Orleans, with the net result that practically the entire estate has been absorbed by the administratrix and the defendant as her attorney, leaving *Page 1089 
decedent's minor daughter, or any other person in interest, without recourse against the administratrix or her surety, since the administratrix has removed to the state of Mississippi and her surety is not financially responsible.
Defendant contended in oral argument that the petition failed to show that Hyacinth G. Bibbins is the legitimate daughter of Albert Bibbins. The contention is unfounded. In article 5 of the petition it is specifically alleged that Hyacinth G. Bibbins is the issue of decedent's marriage with his predeceased wife, Rosa Bibbins. We find, likewise, no basis for defendant's other complaints against the petition. The charges of misconduct are apparent on the face of the pleading itself. Defendant cannot fail to appreciate them. They are sufficiently explicit to put him on notice and to enable him to prepare his defense.
In support of his contention that the acts set forth in the petition, even if true, are insufficient to warrant his disbarment or suspension, defendant cites the case of Hinckley v. Krug, 4 Cal. Unrep. Cas. 208, 34 P. 118, wherein it was held that an attorney who brought a suit which he knew could not be maintained for want of jurisdiction was not guilty of unprofessional conduct. That case, however, was not a disbarment proceeding, but was an action brought by the attorney for a recovery on a claim for services rendered in prosecuting and defending law suits and for other services. One of the items of his claim was for instituting a certain suit against a nonresident and serving summons by publication with the hope that possibly the defendant would pay the judgment. The defense was that the plaintiff was not entitled *Page 1090 
to any recovery on the item because he was guilty of unprofessional conduct. The court found, however, that the attorney was employed to file the suit after fully advising his client and, therefore, it was not misconduct for him to do so.
Beyond question, the mere fact that an attorney files a suit or takes a proceeding in the wrong jurisdiction does not justify an action for his suspension or disbarment. But where he does so for a corrupt motive or with a fraudulent design or otherwise to subvert justice, he is subject to the disciplinary powers of the court.
We think the charges contained in the petition are of sufficient gravity to require an answer from defendant and a trial thereon in due course.
For the reasons assigned the exceptions of vagueness and no cause of action are overruled.
 On Rule to Show Cause, etc.