PONDER, Justice.
 

 This is a disbarment proceeding in which the defendant has interposed an exception of no cause of action.
 

 The misconduct alleged to be the basis of the action for defendant’s disbarment is contained in articles 5 to 9 inclusive of the petition which read as follows:
 

 “V. That from the records secured from the Board of Governors of the State Bar of Louisiana, it appears that since his admission to the bar, the defendant has demeaned himself in a manner inconsistent and at variance with the oath subscribed by him as an attorney at law, has disregarded the ethics, duties and obligations of a lawyer which he assumed as a member of the bar, by reason whereof he should be disbarred from further practice of his profession in the State of Louisiana.
 

 “VI. That after reading the record hereinabove referred to, your committee is of the opinion that probable cause for disbarment exists against the defendant, Lee J. Novo, and that he has committed acts involving the misconduct of a member of the Bar.
 

 “VII. Your committee believes after reading the record above referred to that the defendant violated his duty to his client, and his associate attorney, in matters entitled :
 

 “(1) Rev. A. Cliff Searcy vs. Lee J. Novo — #5879 Docket Court of Appeal Second Circuit [188 Sd. 490] — #35,318 Docket Supreme Court.
 

 “(2) T. H. McGregor vs. Lee J. Novo— #27,086 and #27,091 Docket Ninth Judicial District Court Rapides Parish, La. — #5880 Docket Court of Appeal Second Circuit [188 So. 480] — #35,319 Docket Supreme Court of Louisiana.
 

 “And the charges of misconduct are supported by the following documents and records, which are attached hereto and made a part hereof for all purposes:
 

 “1. Affidavit of A. Cliff Searcy, et als.
 

 “2. Opinion of Trial Court in Suit No. 27,091 T. H. McGregor vs. Lee J. Novo
 

 “3. Opinion of Trial Court in Suit No. 27,086 Rev. A. Cliff Searcy vs. Lee J. Novo
 

 “4. Copy of transcript of testimony in suit No. 27,086, Rev. A. Cliff Searcy vs. Lee J. Novo
 

 “5. Statement of T. F. Hunter, Attorney
 

 “6. Statement of Cleveland Dear, Attorney
 

 “7. Statement of T. H. McGregor, together with correspondence and briefs.
 

 “That the defendant in the above matters violated his duty to his client by compelling him to accept a settlement under a contingent fee contract at variance with the terms of said contract, and the said client
 
 *1075
 
 was forced to institute suit and prosecute the same to final conclusion1 in the court of last resort in order to obtain payment of the funds illegally retained by his counsel.
 

 “That in making settlement with his-client, the Rev. A. Cliff Searcy, of the amount collected on the judgment obtained by Searcy against Interurban Transportation Company, Inc., et als., defendant, in support of a deduction of Four Hundred ($400.00) Dollars, in connection with the expenses of the prosecution of said suit, made the statement to Rev. Searcy in the presence of witnesses that he, Novo, paid the Supreme Court Four Hundred ($400.00) Dollars at the time he presented an application to the Supreme Court for a writ of certiorari to review the decision of the Court of Appeal, Second Circuit, in the proceedings by Searcy against the Interurban Transportation Company, Inc., et als.
 

 “That defendant totally disregarded his duty and his contract with his associate counsel, T. H. 'McGregor, Esq., in the' prosecution of Rev. Searcy’s suit against the Interurban Transportation Company, Inc., et als., and upon being sued by Mc-Gregor for McGregor’s share of the contingent fee in said case, undertook to defend his course of action by stating in open court that McGregor solicited employment in the case with the representation that he, McGregor, had influence with the Court of Appeal, McGregor being a former Judge of the Court of Appeal, Second Circuit, to which court the suit against the Interurban , Transportation Company, Inc., et als. had , been appealed. This statement was without foundation and was injurious and prejudicial to McGregor, a lawyer and a former judge.
 

 “VIII. That defendant has a total lack of respect for the Ninth Judicial District Court, which is calculated to bring the Court to disrepute, as is shown by the letter and other correspondence from Honorable R. C. Culpepper, District Judge, Ninth Judicial District, which is attached hereto and made a part hereof for all purposes.
 

 “IX. That defendant violated his oath as an attorney and his duty to his client, Miss Ollie Horner, as is shown by the documents pertaining to this matter which are attached hereto and made a part hereof for all purposes and marked H-l to H-7, inclusive, from which it appears that defendant obtained a judgment for Miss Horner and bought in property in his own name at a foreclosure and made it necessary that Miss ■ Horner institute proceedings against defendant in order to obtain property improperly retained* by him.”
 

 The exceptions were submitted on behalf of the plaintiff and the defendant on oral argument and no brief has been filed by either side.
 

 The defendant contends that no facts are set out in the petition going to show any misconduct on his part. It is argued that facts going to show misconduct must be alleged in the petition itself and that it is not sufficient to refer to cases and other documents, attached to the petition, without •alleging the facts that constituted the misconduct. The defendant takes the position that the allegations in the petition set
 
 *1077
 
 forth the pleader’s conclusion without reciting the facts showing the misconduct ■ claimed.
 

 Some of the allegations in the petition might be considered of toó general ■a nature and open to a plea of vagueness, if the rules governing ordinary proceedings between private parties were applicable. In proceedings of this nature the technical nicety required in suits between private, parties where the court is called upon to ■adjudicate conflicting claims is not essential ■and all that is required is that the charges against the defendant shall be so specific -as to fairly inform him of the misconduct •of which he is accused. In re Mundy, 180 La. 1079, 158 So. 563. Moreover, if the petition taken as a whole, or any part of it, ■sets forth a cause of action it is sufficient. Perez, Dist. Atty., v. Meraux, 195 La. 987, 197 So. 683. From a reading of the last two paragraphs of Article 7 of the petition it is apparent that a cause of action is suffi•ciently alleged to meet the nicety of pleading required in suits between private parties if such were required.
 

 The charges of misconduct are apparent on the face of the petition and ex-plicit enough to put the defendant on notice sufficiently to enable him to prepare his •defense. The charges alleged in the petition are of sufficient gravity to require an answer from the defendant and a trial thereon in due course.
 

 For the reasons assigned the exception is overruled.
 

 O’NIELL, C. J., and LAND, J., take no part.