ODOM, Justice.
 

 This is a proceeding to disbar Arthur A. Steiner, an attorney-at-law, of New Orleans. This proceeding is brought by the Committee on Professional Ethics and Grievances, appointed by this court under the provisions of Article XIII of the Louisiana State Bar Association. The committee alleges that Arthur A. Steiner has been guilty of various acts of misconduct in his
 
 *252
 
 capacity as an attorney-at-law and as a member of the bar. The committee prays for judgment disbarring -the said Steiner and prohibiting him from practicing law in this state, and, in the alternative, for such judgment as in the opinion of this court the nature of the case may require.
 

 After being cited and served with a copy of the petition filed by the committee, the attorney appeared in propria persona and filed an exception of vagueness. When the exception of vagueness came on for hearing, the name of Richard A. Dowling was entered as attorney for Steiner.
 

 The committee alleged that the defendant had demeaned himself in a manner inconsistent and at variance with the oath taken by him as an attorney-at-law, and had violated the rules of ethics prescribed for attorneys and had disregarded the duties and obligations of his profession, for which reasons he should be disbarred from the further practice of his profession in the State of Louisiana. The acts of misconduct, as specified in the petition, are as follows:
 

 (1) That defendant has engaged in the business of obtaining excessive tax reductions for clients “through arrangements with one James Stewart”, and that, through the arrangements made with the said Stewart, defendant “had enormous reductions made in the assessments of his clients”. (Then followá a list of the clients represented, the amount of tax reductions obtained, and the fee received in each case.)
 

 (2) That said reductions in assessments' resulted in a saving in the payment of taxes; by the persons and corporations enumerated in the petition, and that the said Arthur A. Steiner received one-half the amount so saved.
 

 (3) “That the said Arthur A. Steiner is guilty of charging excessive fees of 50% of the amount saved to his clients when no services were required except the mere filing of a plea of abatement with the Louisiana Tax Commission, which said plea of abatement was never presented to the said Louisiana Tax Commission, and that the said Steiner obtained said reduction in assessments through connivance with said James Stewart, who was an employee of the Louisiana Tax Commission, without any hearing before the said Louisiana Tax Commission”.
 

 (4) “That the said Arthur A. Steiner divided or split his fees with one Esther E. Stein, who is not an attorney at law”.
 

 (5) “That the said Arthur A. Steiner had billheads printed with the names of Steiner and Stein thereon and rendered bills in the name of Steiner and Stein, particularly to said Longino ,and Collins and the Wetzel Printing Company”.
 

 (6) “That the said Arthur A. Steiner, also split his fees with said James Stewart, who was a clerk in the office of the Louisiana Tax Commission”.
 

 (7) “That the evidence shows that the said Arthur A. Steiner out'.of'his fee of 50%, agreed to pay to the said Esther E. Stein 25% and that of the remaining 75%, 50% thereof was to be paid to the said James Stewart”.'
 

 (8) “That the said Esther E. Stein, with the knowledge of said defendant, Arthur A.
 
 *253
 
 Steiner, solicited tax reduction business for the said defendant, Arthur A. Steiner, with the consent of said Steiner, which business said Steiner handled, after said Esther E. Stein solicited same”.
 

 In the exception of vagueness, the defendant alleged that the petition filed by the committee does not properly inform him of the charges against him in such detail as to enable him to answer them, and that the committee’s allegations are particularly vague and indefinite in that it is alleged that defendant, “through arrangements with one James Stewart, had enormous reductions made in the assessment of his clients”, but that the committee failed to state what those “arrangements” with Stewart were.
 

 The “arrangements” referred to are explained in subsequent paragraphs of the petition, in which it is alleged that Stewart was employed by the Louisiana Tax Commission in the capacity of clerk, that the defendant Steiner obtained tax reductions for his clients through connivance with the said James Stewart, without any hearing before the Louisiana Tax Commission, and that Steiner “split his fees with said Stewart”.
 

 The defendant further alleged that the petition is vague and indefinite in that it is alleged that he charged excessive fees of 50 per cent of the amount saved to his clients, but does not state whether these fees were charged as a result of a contract or were charged on a quantum meruit basis or whether the clients agreed to pay said fees and actually did pay them.
 

 The specific charge in this paragraph of the petition is that Steiner charged excessive fees of 50 per cent of the amount saved for his clients. Whether such fees were charged as a result of a contract or were charged on a quantum meruit basis, and whether the clients agreed to pay said fees and actually did pay them, are matters within the knowledge of the defendant. According to the committee’s allegations, the fees charged were excessive. If, as a matter of fact, the fees were not excessive, due to some special arrangement entered into by the defendant and his clients, that is a matter of defense which the defendant Steiner will have an opportunity to make when the case comes up for hearing.
 

 Defendant further alleged that the committee’s allegation “that the said Steiner obtained said reduction in assessments through connivance with said James Stewart, who was an employee of the Louisiana Tax Commission, without any hearing before the said Louisiana Tax Commission,” is too vague and indefinite to admit of answer, and that the committee should be required to state what office the said James Stewart held, or what power he had to reduce assessments, or what the “connivance” was.
 

 The allegations of the petition show that James Stewart was a clerk in the office of the Louisiana Tax Commission. One of the definitions given by Webster’s New International Dictionary of the word “connivance” is “corrupt or guilty assent to wrongdoing, not involving actual participation in it, but knowledge of, and failure to prevent or oppose, it”. One of the synonyms of the word “connivance” is “collusion”, which means, according to Webster, “An agree
 
 *254
 
 ment between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law”.
 

 Evidently the committee in drawing its petition intended to use the word “connivance” in the sense that an arrangement had been made between Steiner and Stewart to secure advantages to Steiner’s clients by illegal or forbidden methods. This seems clear from the allegation that the reductions in assessments were procured by Stewart, an officer of the tax commission, without any hearing before that commission. It was not necessary for the committee to specify the powers possessed by Stewart or the methods he used.
 

 As relates to the allegation that the defendant Steiner split his fees with Esther E. Stein, who was not an attorney-at-law, it was not necessary that the committee state what fees were divided between defendant and the said Stein, as defendant alleges it should. However, as a matter of fact, the committee did allege that 'defendant sent bills to Longino & Collins and the Wetzel Printing Company on billheads printed with the names of Steiner and Stein. The committee charges that such conduct was not ethical. If, as a matter of fact, the defendant Steiner did split fees with the said Stein, It is within his knowledge as to what fees were split. The same applies to the allegation that the defendant Steiner, split his fees with James Stewart.
 

 As relates to the allegation that Esther E. Stein solicited business for the defendant Steiner, it was not necessary, as defendant alleges, for the committee to specify the particular tax business which she solicited. If it is insisted that Esther E. Stein did solicit business for the defendant Steiner and that she did so at the suggestion or solicitation of Steiner, the burden will be upon the committee to make proof of those allegations, and of course the defendant Steiner will have an opportunity at the hearing to introduce evidence to refute these allegations of the committee and to rebut such testimony as the committee may adduce.
 

 The committee having brought the above charges against the defendant, the burden is upon it to sustain them by the production of lawful evidence. Otherwise the charges will be dismissed by this court. Reading the petition as a whole and construing the various paragraphs thereof together, we think the allegations are sufficiently clear and specific to enable the defendant to make his defense.
 

 In the cases of In re Mundy, 180 La. 1079, 158 So. 563, and In re Novo, 196 La. 1072, 200 So. 466, exceptions of vagueness were filed by defendants, alleging that the allegations made by the committee were not sufficiently definite to enable them to prepare a defense. In the Mundy case [180 La. 1079, 158 So. 565], after stating that proceedings of this kind result from the inherent power of the courts over their officers, we said:
 

 “Consequently, in such a proceeding the technical nicety of pleading required in a suit between private parties where the court is called upon to adjudicate conflicting claims is not essential. All that is required is that the charges against the defendant
 
 *255
 
 shall be so specific as to fairly inform him of the misconduct of which he is accused.”
 

 In the Novo case we disposed of the exception of vagueness in language almost identical with that used by the court in the Mundy case.
 

 For the reasons assigned, the exception of vagueness filed by the defendant is overruled.
 

 O’NIELL, C. J., does not take part.