16 So.2d 843

**LOUISIANA STATE BAR ASS'N v. STEINER.**

No. 36785.

Jan. 3, 1944.

Concurring Opinion by Higgins, J., Jan. 4, 1944.

Dissenting Opinion by Fournet, J., Jan. 11, 1944.

Rehearing Denied Feb. 7, 1944.

Charles A. McCoy, of Lake Charles, Hollingsworth B. Barret, of Shreveport, Frank Wm. Hart, of New Orleans, Guy V. Rich, of Bogalusa, and Benjamin Y. Wolf, of New Orleans, Supreme Court Committee on Professional Ethics and Grievances, for appellant.

Leopold Stahl, of New Orleans, for defendant.

ODOM, Justice.

This is a proceeding instituted by the Committee on Professional Ethics and Grievances of the Louisiana State Bar Association to have the name of Arthur A. Steiner, an attorney-at-law, stricken from the roll of attorneys and to have his license to practice law cancelled.

The case was before this court on exception of no cause of action in November, 1942. The opinion overruling the exception of no cause of action is reported in 201 La. 923, 10 So.2d 703.

The proceeding was brought under the provisions of Section 12, Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, which provides that, in a case where a member of the Bar shall have been convicted of a felony and such conviction shall have become final, the Committee on Professional Ethics and Grievances may present to the Supreme Court a certified or exemplified copy of the judgment of such conviction, "and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana".

The Committee alleged that the defendant Steiner was convicted of a felony in the United States District Court for the Eastern District of Louisiana in a criminal case entitled "United States of America v. Arthur A. Steiner, No. 20,295, Criminal", and that the conviction was final. As evidence thereof, the Committee filed a certified copy of the "Judgment and Commit-

ment" in that case, which reads, in so far as it need be quoted here, as follows:

"On this 23rd day of June, 1942, came the United States Attorney, and the defendant Arthur A. Steiner appearing in proper person, and by counsel, Sidney Mitchell and

"The defendant having been convicted on his plea of nolo contendere of the offense charged in the indictment in the above-entitled cause, to wit 'Wilfully Attempting To Defeat and Evade the Payment of Income Taxes Due the United States for the Years 1936, 1937 and 1938' and the defendant having been now asked whether he has anything to say why judgment should not be pronounced against him, and no sufficient cause to the contrary being shown or appearing to the Court, IT IS BY THE COURT

"Ordered and Adjudged that the defendant, having been found guilty of said offenses, is hereby fined the gross sum of $980.33 on Counts 1, 2, 3, 4 and 5, and, provided there be paid within 24 hours, or that is to say, before 3:00 P.M. June 24, 1942, the said fines, as well as the $3,921.32 of income taxes, the payment of which the defendant had sought to evade, with the legal penalties and interest prescribed, which amount to $1,726.17 and $1,037.43, respectively, and the costs of prosecution, then, and in that event, the imposition of a prison sentence is suspended, and the defendant is placed on probation for a period of five (5) years, conditioned that he violates no state or federal laws during said period, and that he be, at all times, subject to the further orders of the Court, as imparted by the Probation Officer."

After the exception of no cause of action was filed and overruled, the court appointed John E. Jackson, an attorney-at-law, to receive evidence in the case on its merits. On January 5, 1943, the Commissioner fixed the case for hearing on January 27, 1943, and notified the Chairman of the Committee on Professional Ethics and Grievances and the defendant Arthur A. Steiner of the fixing of the case, and directed all parties to present such testimony as they cared to submit at the hearing.

On January 19, some 14 days after the defendant received notice of the time and place of the hearing, he wrote a letter to the Commissioner, requesting a continuance of 30 days, stating as his reason for requesting the continuance that he was "managing the affairs of his brother, Mr. Edgar Steiner, now serving in the armed forces of the United States", and that his brother had "large real estate holdings, and the writer is managing same and assisting in collection of rents"; and that the case of "United States v. Steiner will be fixed in the near future, and assistance and information must be given the attorneys in writing briefs and preparation of the case". He stated that it was his intention "to carry on his own defense in the matter".

We infer from this that there was another case pending in the United States District Court against the defendant, which case had no connection with the charge made against him in this proceeding.

On January 21, 1943, the defendant requested the Commissioner to issue subpoenas for certain witnesses, some of whom lived in the Parish of Orleans, some in the

state but outside that parish, and some outside the state. The Commissioner directed that subpoenas be issued to, and served upon, the witnesses who resided in the City of New Orleans and those who resided elsewhere in the state. However, the defendant later requested the Commissioner not to have the subpoenas served on the witnesses who resided in the state but outside the City of New Orleans.

On January 27, 1943, the day fixed for the hearing, the defendant appeared before the Commissioner and renewed his motion for a continuance. Supplementing his original motion, the defendant alleged that the evidence necessary in the preparation of his case was "in the possession of the Federal Government, and the Federal Authorities, at this time, will not return same. The Authorities have consented to produce photostatic copies within a reasonable time".

The Commissioner overruled the motion for a continuance and ordered the trial to proceed. Thereupon, Steiner, the defendant, gave notice of his intention to apply to the Supreme Court for writs. He subsequently applied for writs, and his application was refused on the ground that "Relator's remedy is to except to Commissioner's report when filed".

It appears from the record that some of Steiner's witnesses were served with subpoenas ordering them to appear at the hearing. But whether these witnesses were present is not shown. Steiner introduced no evidence at the hearing. When the Commissioner overruled his motion for a continuance, Steiner said, "I will leave here now." He said further, "I now notify all concerned here that I am leaving the hearing and will apply for writs." Following this announcement as it appears in the record, the stenographer made this note: "(Mr. Steiner leaves his seat and walks to the side of the room.)" When Steiner announced to the Commissioner that he would leave the hearing, the Commissioner said to him, "If you do you do so at your own risk."

The Commissioner had previously said to Mr. Steiner: "I am willing to allow and do intend to allow you every latitude to make out your case, due to the seriousness of the matter, but I see no reason for granting you a continuance and I now say that I will proceed."

The Commissioner also announced in the presence and hearing of the defendant that "the hearing may be recessed to allow either side to produce such evidence and facts as in the opinion of the Commissioner, may be essential to complete the hearing of the matter".

The stenographer's report of the proceedings, as well as the Commissioner's returns, clearly shows that the defendant Steiner was afforded every opportunity to introduce at the hearing such testimony as he saw fit, and that the defendant announced that he did not wish to introduce any testimony at that time but would rely on his application to the Supreme Court for writs.

After Mr. Steiner refused to introduce any evidence, the Chairman of the Committee on Professional Ethics and Grievances offered, produced, and filed in evidence the judgment and commitment of the United.

States District Court for the Eastern District of Louisiana, which is copied hereinabove, and an extract from the minutes of the February term of the United States District Court, showing Steiner's withdrawal of his plea of "not guilty" and his entering a plea of "nolo contendere". The Chairman of the Committee rested its case on this evidence.

The Commissioner filed his returns in this court, with his recommendation that Mr. Steiner's name be stricken from the roll of attorneys and his license to practice law be cancelled. Mr. Steiner filed exceptions to the Commissioner's report, and the case is now before us on those exceptions.

■ The exceptions to the Commissioner's report relate mainly to the Commissioner's refusal to grant defendant a continuance when the case was called for hearing on January 27. The defendant alleged that he was unable to procure the testimony of a former client, which testimony would aid him in proving his innocence; that certain important papers and documents were in the possession of the federal authorities, and that defendant was not able to get possession of them at the hearing.

The full report of the proceedings had on January 27, the date on which the case was to be heard, shows that the Commissioner suggested to the defendant that he would give him all the time necessary in order to get his evidence but would not continue the case to an indefinite date. The Commissioner's report shows this. In his report he states his reasons for refusing to

grant the continuance as requested, and in our opinion he did not abuse the discretion vested in him. The defendant states in his exceptions that he was unable to get the testimony of a former client, whose testimony would help him make out his defense, but he alleged that "The defendant is unable to force this particular party to testify due to the fact that relation of attorney and client formerly existed". If this fact afforded a legal reason why the testimony of this witness could not be taken at that hearing, the same reason would apply to any hearing that might be had later.

■ When a disbarment proceeding is brought under Section 12, Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, all that the Committee on Professional Ethics and Grievances is required to do in order to make out a prima facie case is to "present to the Supreme Court a certified or exemplified copy of the judgment of such conviction", and thereupon, says the rule, "the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana".

In the case at bar, the Committee has complied with the requirements of the rule, and, while Mr. Steiner was offered every opportunity to do so, he has made no defense. A case for disbarment has therefore been made out against him.

■ Section 12 of Article XIII of the Articles of Incorporation of the Louisiana

State Bar Association is constitutional, and this court unquestionably may, if in its opinion the case warrants such action, enter an order striking the name of the defendant from the roll of attorneys and cancelling his license to practice law in Louisiana. This was held in the case of Louisiana State Bar Association v. Connolly, 201 La. 342, 9 So.2d 582, and in the opinion in this case on exception of no cause of action. But the rule does not require that the court enter such an order. It says that the court may do so if the court should be of the opinion that the case warrants such action.

■ In a brief filed on behalf of the defendant, it is argued that a mere judgment of conviction for income tax evasion, based on a plea of nolo contendere, is not sufficient, of itself, to disbar an attorney-at-law. The identical point was urged in the Connolly case, supra, and was decided contrary to the contentions made in this case by counsel for Mr. Steiner.

In the Connolly case, the Bar Association, through its Committee, filed disbarment proceedings against the defendant on the ground that she had been convicted of a felony in a federal court. In that case, as in this one, the defendant was prosecuted in a federal court for wilfully attempting to defeat and evade the payment of income taxes due the United States, and entered a plea of nolo contendere. In that case, as in this, it was contended that Section 12, Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, which provides that, when an attorney-at-law is convicted of a felony, the

Supreme Court may strike his or her name from the roll of attorneys, was "inapplicable for the reason that her conviction consists solely of the federal court's acceptance of her plea of nolo contendere followed by sentence of fine only and a suspension of imprisonment". That is precisely what took place in Steiner's case. In disposing of the point urged in the Connolly case, we said (201 La. at page 374, 9 So.2d at page 592):

"We find no substance in this contention of the respondent for the reason that the rule invoked by the Bar Association makes the judgment of conviction prima facie evidence of misconduct. The allegation that respondent has been convicted of a felony, coupled with the presentation of a certified copy of the judgment of conviction, is sufficient to sustain the cause of action. And it makes no difference whether the judgment of conviction was entered as a result of a plea of guilty, verdict of a jury or a plea of nolo contendere. The question of the effect of the plea of nolo contendere is one which is properly addressed to the merits of the case."

■ Another point urged in the brief filed on behalf of Mr. Steiner is that he should not be disbarred or punished because the offense of which he stands convicted does not involve moral turpitude. This point was raised in the Connolly case. In that case we held that the question whether the commission of the felony for which an attorney was convicted constitutes misconduct will be considered on the merits of the case.

The only evidence we have before us in this case is the "Judgment and Commit-

ment", which shows that the charge made against the defendant was that of "wilfully attempting to defeat and evade the payment of income taxes due the United States for the years 1936, 1937 and 1938", and that he entered a plea of nolo contendere.

The crime for which Mr. Steiner was prosecuted is denounced in Section 145(b), 26 U.S.C.A. Int.Rev.Code, which provides that:

"Any person * * * who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall * * * be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

When called before the Commissioner to answer the charge brought against him by the Committee, Mr. Steiner made no effort whatever to show that he did not wilfully attempt to evade the payment of income taxes due the United States, although he was afforded every opportunity to do so. The record shows, therefore, that he wilfully violated a federal statute. When he was admitted to the Bar and licensed to practice law, he took an oath to support and uphold the Constitution and laws of the United States and of this state. Upon taking this oath, he became an officer of the court. He has violated his oath of office. This, of itself, constitutes gross misconduct.

■ To strike defendant's name from the roll of attorneys and cancel his license to practice law would be the most severe punishment that could be inflicted upon

him under Section 10, Article VII of the Constitution. He would thereby be disbarred. But we do not construe Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, under which this charge was brought, to mean that, in a case where it is shown that an attorney has been convicted of a felony and the court thinks the attorney should be punished, it must inflict the penalty therein mentioned or none at all. The court may, in its discretion, inflict such punishment as is authorized by Section 10, Article VII of the Constitution, which is to suspend or disbar.

■ While defendant must be punished for his misconduct, we do not think we should strike his name from the roll of attorneys and cancel his license to practice law, which means disbarment. We have reached this conclusion after considering all the circumstances. The defendant alleged in his answer that he did not wilfully attempt to defeat or evade the payment of income taxes due the federal government; that his income tax report was made out by a competent auditor, and that defendant thought it was correct and therefore relied upon it. This may be true, of course, but, as we have said, he made no effort to show that at the hearing before the Commissioner. However, we have every reason to believe that, when Steiner appeared before the Commissioner, he was emotionally upset and laboring under stress. He announced to the Commissioner that it would be necessary for him to conduct his own case because he had not been able to procure counsel; that he had been informed that the fee of counsel whom he desired to

employ would be $2,000, and that he was financially unable to pay such fee. He announced also that another case was pending against him in the federal court, and that it was necessary for him to aid his counsel in preparing his defense in that case. All this probably accounts for his conduct before the Commissioner.

The fact that the federal court did not sentence Steiner to imprisonment should, we think, be taken into consideration. We do not know, of course, what representations were made by defendant's counsel before the federal court or what circumstances prompted the judge of that court to suspend the imposition of a prison sentence. It is reasonable to assume, we think, that, if the judge had thought this was an aggravated case, he would have inflicted a more severe punishment than the imposition of a fine of $980.33 and the payment of income taxes claimed and the penalties.

Under the circumstances, we think that to suspend the defendant from the practice of law for a period of two years would be sufficient punishment.

For the reasons assigned, it is ordered that the defendant Arthur A. Steiner be suspended from the practice of law in the State of Louisiana for a period of two years, the period of suspension to begin on the date on which this decree becomes final.

HIGGINS, J., concurs.

O'NIELL, C. J., and FOURNET, J., dissent.

O'NIELL, Chief Justice (dissenting).

My opinion is that, in a proceeding to strike the name of an attorney at law from the roll of attorneys and to cancel his license to practice law, under the provisions of Section 12 of Rule XIII, on the ground that the attorney has been convicted of a felony, if in the opinion of the court the case does not warrant such disbarment, as in this case, there is no authority for the court to suspend the attorney. The penalty of suspension is not appropriate in such a case. And that is particularly true where, as in this case, there is another disbarment suit pending against the defendant, for professional misconduct, constituting a felony, in consequence of which he has been convicted of a felony in the federal courts, and is now serving a sentence of seven years in a federal penitentiary, commencing in June 1943. I refer to the case entitled In re Steiner, 199 La. 500, 6 So.2d 641, where this court overruled an exception of vagueness; and I refer to Steiner v. United States, 134 F.2d 931, where the Court of Appeals for the Fifth Circuit affirmed the conviction of Steiner for the crime of using the mails in furtherance of the fraudulent scheme on which is based the proceeding in the court, entitled In re Steiner, 199 La. 500, 6 So.2d 641. My opinion is that Steiner should be dealt with for his being convicted of the felony referred to in Steiner v. United States, 134 F.2d 931, and not for his plea of nolo contendere, on which no prison sentence was imposed.

HIGGINS, Justice (concurring in the decree).

The initial position taken by our Committee in presenting the Connolly, the

Leche, and the instant case was that the final conviction of an attorney of a felony was conclusive evidence of his guilt of misconduct and under the rule of this court in question he should be ipso facto or automatically disbarred. By the majority opinions in the foregoing cases, the court held that the defendant in a disbarment proceeding was entitled to a hearing and that a certified copy of the final judgment of conviction of a felony was prima facie evidence of his guilt of misconduct. When each of these cases was before us for consideration on exceptions of no right and no cause of action, the writer endeavored to point out the legal and practical complications and difficulties which would result from the majority holding that in a disbarment proceeding (a civil action) the petitioner is relieved of the obligation of setting forth in the petition the facts on which the misconduct was based and proving them by competent evidence as usually required in a civil suit. Louisiana State Bar Ass'n v. Connolly, 201 La. 342–379, 9 So.2d 582; Louisiana Bar Ass'n v. Leche, 201 La. 293, 294–299, 9 So.2d 566 and Louisiana Bar Ass'n v. Steiner, 201 La. 923–942, 10 So.2d 703. However, as the view that under our rule the annexed certified copy of the final judgment of conviction of a felony of an attorney establishes a right or cause of action and a prima facie case against him prevails, that was the law of this State at the time the defendant appeared before our Commissioner in response to the notice of trial. He was apprised of the fact from the petition and the annexed certified copy of the judgment of conviction that he was charged with having wilfully attempted to defeat and evade the payment of income taxes to the United States Government for three consecutive years and had been convicted and sentenced in the Federal District Court for the Eastern District of Louisiana under his plea of nolo contendere. Under the prevailing opinions in the three above-cited cases, he knew it was encumbent upon him to rebut the prima facie case established against him, because those opinions antedated his appearance before the Commissioner.

The record shows that the defendant pleaded not guilty to an indictment in the United States District Court for the Eastern District of Louisiana charging him with wilfully attempting to defeat and evade the payment of income taxes of the United States for the years 1936, 1937 and 1938. Subsequently, he withdrew this plea and entered a plea of nolo contendere, upon which he was convicted on June 23, 1942. He was fined $980.35 on Counts 1, 2, 3, 4 and 5 of the indictment and ordered to pay the sum of $3,921.32 income tax, which he had sought to evade, with legal penalties and interest amounting to the sums of $1,726.17 and $1,037.43, respectively, and the costs of the prosecution. He was granted twenty-four hours in which to make payment in full. The imposition of the prison sentence was suspended, provided the above amounts were paid within the time allowed and he was placed under probation for five years. When the defendant was brought before the Commissioner appointed by this court to hear his case, he asked for a continuance, which was denied, but he was granted every opportunity and all the time he needed by the Commissioner to present

any and all evidence he desired to introduce. Although his attention was specifically called to the seriousness of the charges and that the Commissioner would grant him every consideration in presenting his case, the defendant refused to present any evidence whatsoever and left the court room. He did not even testify before the Commissioner as to what the extenuating circumstances were that he or his attorney had imparted to the United States District Judge, who was prompted thereby to impose a suspended sentence. This information was peculiarly within the knowledge of the defendant and he could have readily and easily informed the Committee and the Commissioner thereof. Our Committee did not have this information and it is not contained in the certified copy of the judgment of conviction, although that document shows that the prison sentence was suspended without assigning the reasons therefor. Therefore, the Committee was unable to present to the Commissioner any evidence or testimony tending to show the extenuating circumstances. The defendant had entered his plea of nolo contendere to the charges of wilfully attempting to evade and defeat the payment of income taxes to the United States Government for three years amounting to a substantial sum and when granted all of the time he needed and every opportunity to do so by the Committee and the Commissioner to explain his actions so as to show, if possible, that he did not wilfully or intentionally file income tax returns to evade and defeat the proper payment of the taxes due the Government, he declined to do so. It is also apparent that the defendant paid the income taxes

that he was charged with having wilfully attempted to evade and defeat and also paid the fines, penalties and interest and the cost of court within twenty-four hours, otherwise he would have been incarcerated under a prison sentence and would not have been free at the time he appeared before the Commissioner. He has left his actions in this respect unexplained, although the Committee and the Commissioner pointed out to him that it was encumbent upon him to account for them. Taking all of these facts and circumstances into consideration, it appears from the defendant's own actions and conduct that he is guilty of misconduct in wilfully attempting to evade and defeat the payment of United States Government income taxes on three separate and distinct occasions.

When we come to a consideration of the question of whether or not we will disbar or suspend the defendant, and, if we suspend him—for what period of time—we experience difficulties, because the court is not informed of what acts the defendant committed in attempting to evade and defeat the payment of the income taxes. This is a result of the majority holding in the above cases. If the petitioner had been required to allege the facts and to prove them, we would have known just what the defendant had done and would have been in a much better position to decide the above issues. As the matter stands, we must rely mainly upon presumptions and generalities in arriving at our conclusion as to what is a just and fair decree to enter. The severity of the judgment of this court should be in proportion to the gravity of the offenses, the moral turpitude involved,

and the extent that the defendant's acts and conduct affect his professional qualifications to practice law. The Committee could and should have better informed the Commissioner and this court of the facts of the case or the acts of the defendant in attempting to evade the taxes by making a part of the petition for disbarment and introducing in evidence a certified copy of the indictment upon which the defendant was convicted under his plea of nolo contendere, and particularly Counts 1, 2, 3, 4 and 5, which, under the law, must specifically set forth the facts upon which the charges of violating the income tax statute were based. This has been the practice by previous Committees in presenting similar cases to this court. Unfortunately, this procedure was not followed herein, although such documentary evidence was available. Nevertheless, it sufficiently appears from the defendant's own acts and conduct that he is guilty of misconduct, committed three separate times, affecting his professional qualifications to serve as an attorney and justifying his suspension for a period of two years.

For these reasons, I concur in the decree.

FOURNET, Justice (dissenting).

This case, like the cases of Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566, and Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582, is an original proceeding to disbar the defendant, Arthur A. Steiner, on the allegation that he "was convicted of a felony in the United States District Court for the Eastern

District of Louisiana, New Orleans Division, in the matter entitled United States of America v. Arthur A. Steiner, No. 20,295, Criminal, as will appear from the certified copy of judgment of conviction, sentence and commitment attached hereto and made part hereof," with no other allegation of the defendant's misconduct nor any facts from which a conclusion might fairly be drawn that the defendant is guilty of misconduct on which his disbarment might be based. Nor are we informed by the record of the particulars on which the defendant's conviction in the federal court was based, our only knowledge thereof being what we may have heard or have read of the version of the matter reported by the newspapers.

What I said in my dissenting opinion in the Leche case with reference to the Connolly case is equally applicable here, for the cases are technically the same, since Steiner here pleaded nolo contendere to a charge of evading the payment of income taxes: "In that case the defendant was sentenced to prison, in addition to paying a fine, when she filed a plea of nolo contendere on a charge of evading the payment of income taxes. The jail sentence was suspended by the trial judge upon the payment of the fine and half the cost of the prosecution. With no other allegation in the petition than the fact that the defendant had been convicted of a felony, the Committee on Professional Ethics and Grievances is seeking to have her name stricken from the roll of attorneys and her license to practice law in this state revoked. Unless we are to assume that the judge had some arbitrary reason for suspending the defendant's jail sentence upon the payment of a fine, we have

no recourse but to believe that the judge had at his disposal facts which justified the leniency showed her. Whatever these facts may be, they are unknown to us. Are we to use as a standard the judge's leniency toward the defendant Connolly when judgment is passed on her in this court, showing her leniency on the strength of this alone, without any knowledge of the facts of the case? Or are we to require the defendant to produce such facts for us? The fallacy of such procedure is apparent. Suppose the defendant either makes no defense or permits the judgment to go against him by default, if the court is undecided as to whether the defendant should be suspended or disbarred, what then would be our procedure? In such cases, we could not compel the committee to produce the facts which gave rise to the prosecution and conviction, for it is hornbook law that no evidence can be introduced beyond the pleadings in civil suits and there is no allegation in the petition under which the evidence can be produced." [201 La. 293, 9 So.2d 581.]

The holding in the majority opinion that in presenting to this court a certified copy of the judgment of Steiner's conviction the Committee on Professional Ethics and Grievances has made out a prima facie case and it is then up to the defendant to present his defense does not, in my opinion, solve the situation here. The authority to disbar attorneys is a responsibility placed upon this court and it is to be treated very seriously. I cannot conscientiously do justice to this or any similar case where the committee has failed to advise us in the petition of the acts of misconduct on which

the disbarment is sought, whether the same constitute a felony of which the member has been convicted or not, particularly when the record is barren of any evidence of the acts which the defendant in this case may have committed. I cannot, therefore, concur in the decree in the majority opinion suspending the defendant from the practice of law for a period of two years, for to do so would, in my opinion, amount to an arbitrary fixing of the penalty.

For these reasons I must respectfully dissent.