This is a proceeding to disbar Alphonse H. Reed, an attorney-at-law, of New Orleans.
The proceeding is brought by the Committee on Professional Ethics and Grievances, appointed by this court under the provisions of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association. The Committee alleged that Alphonse H. Reed had demeaned himself in a manner inconsistent and at variance with the oath subscribed by him as an attorney-at-law, and that he had disregarded the ethics, duties, and obligations *Page 1010 
which he had assumed on becoming a member of the Bar, and that, by reason of his disregard of the ethics of the Bar and his disregard of his oath, he should be disbarred from the further practice of his profession in the State of Louisiana.
The Committee further alleged that due investigation had been made concerning the conduct of the said Alphonse H. Reed, as provided for in Section 3, Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, and that sufficient cause existed for such disbarment in the opinion of the Committee on Professional Ethics and Grievances.
The Committee alleged that this attorney had, unlawfully and in collusion with principals and in collusion with J. Claude Meraux, former judge of the 25th Judicial District Court for the Parishes of St. Bernard and Plaquemines, procured judgments granting divorces in eight cases; that in some of the cases neither plaintiffs nor defendants were residents of the parish in which the divorce suits were filed; such collusion, the Committee alleged, being shown by the pleadings and notes of evidence in the cases. It further alleged that in some of the eight cases the court had no jurisdiction either of the parties or of the subject matter of said suits, "as will appear from the cases hereinafter cited".
The Committee alleged that, in many such cases where the alleged cause of action was adultery, service was accepted and citation waived by the defendants several days before the filing of the suits, and that in some of the cases the defendants signed and made affidavits to the answers, *Page 1011 
collusively admitting the allegations of adultery, and in many such cases affidavits to the answers were made before the filing of the suits. It further alleged that in some of the cases the notices of trial were prepared by the attorney for the plaintiff and service thereof accepted by the defendants, and filed as a prelude "to a quick rendition of judgment by the said Judge of said Court, in collusion with said defendant herein and the said parties thereto".
The Committee specifically named by number and title the eight divorce cases referred to, each brought by Alphonse H. Reed as counsel for plaintiff. It alleged that the records in the cases showed on their face that said Reed had entered into collusion, not only with the said Meraux, former judge, but also with the defendants, in order to obtain illegal divorces.
The Committee annexed to, and made a part of, its petition the entire record in each of the eight divorce suits.
After being cited and served with a copy of the petition filed by the Committee, the attorney appeared through counsel and excepted to the petition "on the ground that said petition discloses no cause of action against exceptor". The sole question before the court, then, is whether the Committee's petition for disbarment sets forth a cause of action.
In the case of In re Mundy, 180 La. 1079, 158 So. 563, 565, after stating that proceedings of this kind resulted from the inherent power of the courts over their officers, we said: *Page 1012 
"Consequently, in such a proceeding the technical nicety of pleading required in a suit between private parties where the court is called upon to adjudicate conflicting claims is not essential. All that is required is that the charges against the defendant shall be so specific as to fairly inform him of the misconduct of which he is accused."
The ruling in the Mundy case relating to the question of nicety of pleadings required in proceedings of this kind was reiterated and reaffirmed in the cases of In re Novo, 196 La. 1072,200 So. 466, and In re Steiner, 199 La. 500, 6 So.2d 641.
In the Novo case we held that a petition for disbarment is sufficient if it, taken as a whole, or if any part of it, sets forth a cause of action.
The Committee attached to, and made part of, its petition the entire record in the several divorce cases mentioned, and alleged that these records clearly disclosed collusion between this attorney, who represented the plaintiffs, and the defendants, or adverse parties, in order to obtain quick, illegal divorces, and showed also collusion between the attorney and the judge who presided at the trials.
One of the cases referred to is styled "Ella Balfantz Williams v. Henry Williams". The record shows that plaintiff was represented by A.H. Reed, and that the suit was for divorce on the ground of adultery. The record further shows that the petition was sworn to by plaintiff on September 14, 1939, before the same A.H. Reed, notary public. The record shows further that the suit was filed on September *Page 1013 
14, 1939, the same day on which the petition was sworn to by the plaintiff. On the margin of the petition there is written in ink the following: "Service accepted citation and all legal delays waived. New Orleans La 13th Sept 1939 [signed] Henry Williams." Thus, according to the record itself, service was accepted on the petition on the day before the suit was filed.
The defendant in that case was not represented by counsel, but filed answer "in proper person". The answer was sworn to before a notary on the 13th day of September, 1939, the same day he accepted service, one day before the suit was filed, and one day before the petition itself was sworn to by the plaintiff. We may state here that a comparison of the petition and the answer strongly indicates that each was written on the same typewriter and by the same typist. Furthermore, we note that ink of precisely the same color was used by each and every person who signed or endorsed the petition and the answer, which indicates, at least, that both the petition and the answer were prepared and signed in the same office.
In the case of Dorothy Weathers Messina v. Lynn Messina, one of the cases referred to by the Committee, the record shows that the ground for divorce was adultery, and that the plaintiff was represented by A.H. Reed and William F. Roy, Jr. The suit was filed on October 28, 1937, but was sworn to on October 27. On the margin of the petition is the following: "Service is accepted and citations and all legal delays waived on this 27th day of Oct 1937 [signed] Lynn Messina." It thus *Page 1014 
appears that service was accepted on the same day that the petition was sworn to, and one day before the suit was filed. The answer was filed by the defendant "in proper person" and was sworn to on October 27, 1937, the same day that service was accepted and one day before the suit was filed.
In the case of Claudia Bray Wise v. Daniel Wise, the suit was filed on July 6, 1937. Written on the margin of the petition is the following: "7-2-37 Service accepted and all rights reserved [signed] Daniel Wise." According to this record, service was accepted four days before the suit was filed. The answer was sworn to on the same day on which the suit was filed. In this case the plaintiff was represented by A.H. Reed and William F. Roy, Jr.
In each of the above mentioned cases, as well as in the other five, the defendant in answer admitted the allegations of the plaintiff's petition and prayed for judgment in favor of the plaintiff.
It is needless to discuss in detail the other divorce suits referred to by the Committee. It suffices to say that in each of the cases the records indicate, to say the least, that there was collusion between the parties to the suit.
We think the allegations of the Committee's petition, considered in connection with the records in the divorce cases referred to, are specific enough to inform the defendant of the misconduct of which he is accused.
Counsel for defendant say in their brief at page 6: "We are willing to concede *Page 1015 
that the process and procedure adopted in that court [the 25th Judicial District Court] was somewhat extraordinary. But defendant was confronted with an obligation to a client who wanted a divorce that could be granted only in that court. He took the attitude that if such was the prescribed method of procedure in that court there was nothing for him to do in the interest of his client, but to comply with the Court's wishes. It may be that, in some respects, the procedure was so extraordinary as to create in the mind of a lawyer grave doubts as to the ethics of certain features of the procedure."
We concur in the view expressed by counsel for the defendant that in some respects — and, we may add, in a great many respects — the procedure adopted in these eight divorce cases mentioned by the Committee "was so extraordinary as to create in the mind of a lawyer grave doubts as to the ethics of certain features of the procedure". And we may add that the procedure adopted strongly indicates that there was, as alleged by the Committee, collusion between this defendant, acting as attorney for the plaintiffs, and the defendants in those suits.
The disbarment Committee having brought the above charges against the defendant, the burden is upon it to sustain them by the production of lawful evidence when the case comes before this court on its merits. If the Committee fails to sustain the charges by the production of lawful evidence, the proceeding will be dismissed by this court in due course. *Page 1016 
For the reasons assigned, the exception of no cause of action filed by the defendant is overruled. The defendant shall have 30 days from the date on which this decree becomes final in which to file answer.
O'NIELL, C.J., and ROGERS, J., absent.
HIGGINS, J., concurs in the result.