O’NIELL, Chief Justice.
 

 This is a disbarment proceeding and therefore comes under the court’s original jurisdiction. The plaintiff, as in all such cases, is the Louisiana State Bar Association acting through the Committee on Professional Ethics and Grievances. The defendant has excepted to the plaintiff’s petition on the ground, first, that it is too vague and indefinite to permit the exceptor to answer safely, and, second, that the petition does not disclose a cause or right of action.
 

 The proceeding is a repercussion of the suit of Perez, Dist. Atty., v. Meraux, Judge, 201 La. 498, 9 So.2d 662, in which Judge Meraux was removed from the office of Judge of the District Court for the 25th Judicial District. One of the causes for which the judge was removed was that he had conducted his court as a divorce mill, having granted judgments of divorce and judgments of annullment of marriages in a hundred cases, listed and described as collusive and fraudulent lawsuits in the petition in the suit to remove Judge Meraux and in the judgment removing him. It was shown in the suit for the removal of Judge Meraux-that four lawyers were involved as the attorneys of record, each representing the plaintiffs or the defendants in some of the hundred lawsuits in which the alleged illegal or collusive judgments were rendered. Disbarment pro
 
 *259
 
 ceedings therefore are pending now against each of the three other attorneys referred to.
 

 In this proceeding, against William F. Roy, Jr., it is alleged that the defendant was the attorney for the plaintiff in forty-five of the hundred cases referred to in the Meraux case. It is alleged in a general way that the attorney, Roy, unlawfully and in collusion with the parties to the forty-five lawsuits and with Judge Meraux, obtained illegal divorces, in some instances where neither of the parties to the suit was a resident of the Parish of St. Bernard, in which the suits were brought, and in which suits therefore the court did not have jurisdiction. It is alleged that in the forty-five cases the judgments were rendered by consent and collusion and not by reason of their being any cause of action or any actual litigation or contest between the parties. The facts which are said to show collusion between the parties are specified with regard to twenty-eight of the alleged forty-five cases, which twenty-eight cases are described by the title and docket number of each case; and the record in each of the twenty-eight cases is annexed to and made part of the petition in this case. All of the twenty-eight cases were 'filed in the Twenty-fifth Judicial District Court in and for the Parish of St. Bernard within a period of four years and five months. It is alleged that an investigation of the defendant’s conduct in these suits was had by the Committee on Professional Ethics and Grievances, as provided for in Section 3 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, and that the committee found sufficient cause for instituting this suit.
 

 As to the twenty-eight suits which are described in the plaintiff’s .petition by the title and docket number of each case, the petition apparently sets forth a cause of action, and is not vague or indefinite. It may be that the defendant’s answer to the plaintiff’s allegations with regard to each of the twenty-eight cases will exonerate the defendant. But it would be difficult and tedious, if not quite impossible, for the court to determine now whether the complaint of the committee is well founded with reference to the defendant’s conduct in each of the twenty-eight cases, before the defendant has answered and has set forth his side of the controversy with regard to each of the twenty-eight cases. . In that connection the opinion which the court expressed in the case of Perez, Dist. Atty., v. Meraux, Judge, 195 La. 987, loc. cit. 996, 197 So. 683, 686, loc. cit. 686, when that case was before us on an exception of no cause or right of action, is appropriate to this case. On the question whether the allegations concerning the judge’s method of handling the hundred divorce suits and suits for annullment of marriages constituted a cause of action for his removal, the court said:
 

 “It might be that a single act of this nature would not be a sufficient ground for removal, but many acts of irregularity and illegality might show a cause [course] of conduct of such a grave nature as to justify removal. One wrongful act might be considered an error in judgment, but
 
 *261
 
 a continuity of wrongful acts could not be so considered. Moreover, the articles in the petition could not be singled out and treated separately and apart from the remaining articles in considering the exception. It is not necessary that each article set forth a cause of action or ground for removal. It is sufficient that the petition as a whole set forth a cause of action. The articles of the petition must be considered as a whole.”
 

 Our conclusion therefore is that the exception of no cause or right of action and the exception of vagueness are not well founded with regard to the twenty-eight cases that are described in the committee’s petition by reference to the title and docket number of each case. The allegation that there were seventeen more— or a total of forty-five — of such cases filed by the defendant as attorney at law in the Twenty-fifth Judicial District Court in and for the Parish of St. Bernard is not sustained by a reference to the title or docket number of any of the additional seventeen cases. To that extent the petition is too vague and indefinite to require the defendant to answer. On the trial of this case no evidence tending to discredit the defendant’s professional conduct will be admissible except in <■ connection with the twenty-eight cases which are described by reference to the title and docket number of each case in the plaintiff’s petition.
 

 The exception of vagueness and of no cause or right of action is overruled, but evidence tending to prove professional misconduct on the part of the defendant shall not be admissible on the trial of this case except with reference to the twenty-eight lawsuits which are described in the committee’s petition by reference to the title and docket nümber of each case. The defendant shall have 30 days from the day on which this decree will become final, in which to answer the petition.
 

 ROGERS, J., absent.