16 So.2d 532

In re FALLON.

No. 37040.

Dec. 13, 1943.

Charles A. McCoy, of Lake Charles, Hollingsworth B. Barret, of Shreveport, Frank

Wm. Hart, of New Orleans, Guy V. Rich, of Bagalusa, and Benjamin Y. Wolf, of New Orleans, for Supreme Court Committee on Professional Ethics and Grievances.

M. C. Scharff and John T. Charbonnet, both of New Orleans, for Henry E. Fallon.

ROGERS, Justice.

Henry E. Fallon, a member of the Bar of this State, has interposed an exception of no right or cause of action to the petition of the Louisiana State Bar Association seeking his disbarment. The plaintiff association is appearing through its duly appointed Committee on Professional Ethics and Grievances, which is charged with the duty of instituting and prosecuting such suits. See Article 13 of the Articles of Incorporation of the Louisiana State Bar Association.

The petition for the defendant's disbarment alleges, in substance, that defendant who was admitted to the Bar of this State on June 13, 1924, has demeaned himself in a manner inconsistent and at variance with the oath subscribed by him as an attorney at law and has disregarded the ethics, duties and obligations which he assumed as a member of the Bar, and, by reason thereof, he should be disbarred from the further practice of his profession.

The petition alleges that due investigation has been made of the conduct of the defendant as provided by section 3 of Article 13 of the Articles of Incorporation of the Louisiana State Bar Association, and that, in the opinion of the Committee, sufficient cause exists for the filing of charges for defendant's disbarment.

The petition further alleges that this Court has condemned the practice of the defendant as unethical and collusive; that the defendant unlawfully and in collusion with the parties and J. Claude Meraux, formerly judge of the Twenty-fifth Judicial District Court for the Parishes of St. Bernard and Plaquemines, procured illegal divorces in fourteen cases in which neither plaintiffs nor defendants were residents of the Parish of St. Bernard and the collusive acts appear in the pleadings and notes of evidence filed in the cases whereof the court was not vested with jurisdiction either of the parties or of the subject-matter; that in many of the cases where the alleged cause for divorce was adultery, services were accepted and citations were waived by the defendants, which were noted on the petitions several days before they were filed; that in other cases the defendants executed affidavits which are attached to the answers in which they collusively admitted the allegations of adultery contained in the petitions, many of the affidavits being made before the suits were filed; that in many of the cases the notices of trial were prepared by the attorneys for the plaintiffs and service thereof accepted by the defendants and filed for the purpose of securing a speedy rendition of judgment by the trial judge in collusion with the defendant herein and the parties to the suit; that invariably judgment was rendered in the absence of the defendants who had only accepted service.

The petition represents that this Court held in the case of Perez, District Attorney, v. Meraux, Judge, 201 La. 498, 9 So.2d 662, 677, as follows: "Then, too, the striking similarity in the method employed in the handling of these cases by the four principal attorneys who are involved should, in our opinion, have placed him on his guard." That the defendant, who filed fourteen of the cases, was one of the attorneys referred to by the Court. Petitioner then mentions eleven cases and the reasons for petitioner's charge that defendant colluded with the former trial judge and the litigants in those cases.

The petition represents that in many of the cases mentioned therein it is clearly shown that the district court was without jurisdiction and that a casual examination of the entire record in the case of Perez, District Attorney, v. Meraux, Judge, will show that fact; that all the cases taken as a whole exhibit collusion on the part of defendant with the trial judge and the litigants. Petitioner represents that in a large number of the cases the records show collusion and fraud were used to obtain divorces and annulments and that in all of them occurred glaring defects and errors which should not have gone unnoticed; that all the cases taken together are sufficient to show that the defendant had knowledge of the collusion; and that the trial judge claimed that in most of the cases he did not read the pleadings and relied upon the statement of the defendant; that if the evidence offered in any of the cases was not in conformity with the pleadings, the defendant is guilty of misrepresenting the facts to the trial judge.

The petition finally shows that all the cases referred to in the petition are on file in this Court as evidence in the matter of Perez, District Attorney, v. Meraux, Judge, 201 La. 498, 9 So.2d 662, which records are annexed to and made part of the petition.

At the hearing on defendant's exception, which is the only issue presented for the decision of the Court, a note of evidence was made consisting of the testimony of Mrs. Irene Ricks Pluche Henry, plaintiff in one of the suits for divorce mentioned in plaintiff's petition, and a special offering by defendant's counsel of the minutes of the Committee and the several notices which the Committee served on the defendant. It was agreed by counsel in open Court that the testimony of Mrs. Henry and the records of the Committee, referred to in the note of evidence, should be considered by the Court in connection with the petition in disposing of the exception of no right or cause of action.

The defendant, under his exception, contends that the allegations of the petition and the investigation conducted by the Committee, as evidenced by its minutes, show that plaintiff has no right or cause of action against him.

It appears from the note of evidence in the record that the Committee of the plaintiff association notified the defendant to appear before it on three occasions—January 30, 1942, April 8, 1942, and August 20, 1942. The defendant was informed by the notices that the Committee was investigating his alleged improper conduct in obtaining judgments of divorce in various

cases filed in the Parish of St. Bernard. Defendant was also informed in the notices that he might produce before the Committee any witnesses or documentary evidence that he desired to offer in his own behalf. A hearing before the Committee took place on January 30, 1942, and the defendant and his attorneys were present at the hearing. The note of evidence taken before the committee on that occasion shows an agreement was entered into between the parties admitting that seventeen cases, specifically referred to by number and title, were filed by defendant in the Parish of St. Bernard and that "if Judge Meraux was called and placed as a witness on the stand and the same questions were propounded to him now, as were propounded to him in the hearing of Case No. 35,755 of the Supreme Court of Louisiana, entitled Leander H. Perez, District Attorney of the Twenty-fifth Judicial District Court of Louisiana for the Parishes of St. Bernard and Plaquemines versus J. Claude Meraux, Judge of the 25th Judicial District Court of Louisiana for the Parishes of St. Bernard and Plaquemines [201 La. 498, 9 So.2d 662], his answer would be the same as given in that proceeding."

The stipulation with regard to the testimony Judge Meraux would give if present was entered into with the reservation to defendant of the right to examine Judge Meraux at a later date and to produce any additional witnesses that he might desire.

Following the enumeration of the cases filed in St. Bernard Parish by the defendant and the stipulation with the reserva-tion entered into regarding the testimony of the former Judge Meraux and the right of defendant to ·produce additional witnesses, the note of evidence further shows that defendant, through counsel, suggested that the Committee should acquaint him with the full particulars of whatever complaint was made against him, especially with reference to his alleged unprofessional conduct. Answering the suggestion, the Chairman stated that the Committee was merely investigating defendant's alleged misconduct; that under the ruling of the Supreme Court in the case of Arthur A. Steiner (In re Steiner No. 36,315 of the docket of the Court) it was not necessary to 'particularize the charges in such an investigation. The Chairman further stated that the Committee was empowered to investigate the conduct of attorneys without any charges being filed. He then offered and filed in evidence all the records which had been enumerated and which defendant admitted he had filed in the Parish of St. Bernard, together with the evidence and admissions made in the case of Perez, District Attorney, v. Meraux, Judge. In response to the question of defendant's counsel as to whether he could have a copy of the evidence, the Chairman of the Committee declared that the only evidence pertinent to the cases referred to could be found on file in the Supreme Court in case No. 35755 above referred to, which is the case of Perez v. Meraux. In answer to a statement of defendant's counsel that he would like to be given an opportunity of examining all the records, the Chairman of the Committee informed him that he would find the rec-

ords in the Supreme Court in Transcripts Nos. 6 and 7.

Defendant was not questioned by the Committee nor did he offer to testify in his own behalf.

On March 25, 1942, the Committee addressed defendant a letter notifying him that a further investigation of his alleged improper obtaining of judgments of divorce in the Parish of St. Bernard would be held in the Committee's office on April 8, 1942, at the time stated. Defendant was also notified in the letter that his presence was required, together with any witnesses or documentary evidence he might wish to produce in his own behalf. Pursuant to the notice, defendant was present at the meeting of the Committee held on April 8, 1942, but apparently nothing was done at that meeting since no record was made of the hearing with respect to the charges against defendant.

On July 29, 1942, defendant was notified that a continuance of the investigation of his conduct with reference to his alleged improper obtaining of judgments of divorce in the Parish of St. Bernard would take place on August 20, 1942, in the office of the Committee at the time stated and that he was required to be present with his witnesses and documentary evidence. Defendant, however, did not appear nor was he represented at this meeting. On the same day, August 20, 1942, the Committee disposed of or continued the hearing on a number of cases in which complaints were made against attorneys. Among the cases was the case involving defendant and four other members of the Bar, growing out of

their connection with numerous suits for divorces filed in the Twenty-Fifth Judicial District Court for the Parish of St. Bernard. With respect to these five attorneys, the minutes of the proceedings before the Committee show that, in the opinion of the Committee, charges for their disbarment should be filed based on the decision of the Supreme Court.

The suit to disbar the defendant was not filed in this Court until February 12, 1943. It will thus appear that the charges against the defendant were under investigation by the Committee more than a year before the suit seeking his disbarment was actually brought. During this interval, defendant was given ample opportunity to examine the record in the case of Perez v. Meraux in connection with the suits for divorce referred to at the first investigation held by the Committee on January 30, 1942, which he admitted were filed by him and in which he was informed the matters being investigated by the Committee would be found. Defendant was also given ample opportunity to testify before the Committee and to produce any witnesses or documentary evidence he desired to submit in answer to the charges pending against him. This defendant failed to do.

It will be noted that at the hearing before the Committee on January 30, 1942, at which defendant appeared with his counsel, defendant made no objection to the form or sufficiency of the notice which was given him to appear before the Committee. The only objection, if it were an objection, that was urged on defendant's behalf was the one interposed after defendant had

been informed of the particular cases as to the conduct of which the charges of professional misconduct were based and the admission as to what former Judge Meraux would testify to if called as a witness.

As shown by the statement of defendant's counsel as it appears in the note of evidence taken before the Committee, defendant's complaint was that he had not been given any facts showing unprofessional conduct on his part.

Defendant's complaint is not well founded. Formal and technical pleadings are not essential in disciplinary proceedings against an attorney. All that is required is that the charges against the defendant shall be specific enough to inform him of the misconduct of which he is accused. In re Reed, 203 La. 1008, 14 So.2d 818, and authorities therein cited.

Since all that is required as to the formulation of charges in a judicial proceeding brought to discipline an attorney for alleged unprofessional conduct is that the charges be merely specific enough to inform him of the misconduct of which he is accused, it necessarily follows that no greater formality is required in the preliminary proceeding before the Committee.

The Committee is not limited in its investigation to cases in which specific complaints are made against an attorney. It has power to act itself whenever it has probable cause to believe that an attorney has been guilty of unprofessional conduct.

The preliminary inquiry made by the Committee into the alleged misconduct of an attorney is not the trial of an action or

suit. No judgment is asked for, or can be taken against the person who is the subject of the inquiry. The purpose of the investigation by the Committee is merely to obtain information upon which to base specific charges in a subsequent judicial proceeding to discipline a member of the Bar in the event the facts developed by the Committee's investigation warrant such a proceeding.

At the conclusion of the hearing before the Committee, defendant was in full possession of all the essential facts on which the charges against him were based and as to which he was called upon to make answer. The Committee specifically named by number and title the suits for divorce which defendant admitted were filed by him in the Parish of St. Bernard. It also referred defendant to the records in the case of Perez, District Attorney, v. Meraux, Judge, on file in this Court, in which those cases, among others, were considered in connection with the suit to remove Judge Meraux. These records, which speak for themselves, were open to the inspection of defendant and his counsel.

As stated in the opinion of this Court in the case of In re Roy, 204 La. 256, 15 So.2d 79: "the proceeding is a repercussion of the suit of Perez, District Attorney, v. Meraux, Judge, 201 La. 498, 9 So. 2d 662, in which Judge Meraux was removed from the office of Judge of the District Court for the 25th Judicial District. One of the causes for which the judge was removed was that he had conducted his court as a divorce mill, having granted judgments of divorce and judgments of

annullment of marriages in a hundred cases, listed and described as collusive and fraudulent lawsuits in the petition in the suit to remove Judge Meraux and in the judgment removing him. It was shown in the suit for the removal of Judge Meraux that four lawyers were involved as the attorneys of record, each representing the plaintiffs or the defendants in some of the hundred lawsuits in which the alleged illegal or collusive judgments were rendered." In re Roy, 204 La. 256, 15 So.2d 79.

Defendant was one of the four attorneys mentioned in the Meraux case and referred to in the opinion of this Court rendered in that case.

The fact that defendant admitted on the hearing before the Committee that if Judge Meraux were placed on the stand he would give the same testimony before the Committee that he gave in the case of Perez v. Meraux shows that defendant was familiar with the record in the Meraux case.

■ Although seventeen specific cases are referred to by name and title in the note of evidence taken at the hearing before the Committee of the charges against the defendant, the petition in this case recites that it is predicated on fourteen cases. Nevertheless, an examination of the petition shows that the proceeding is based on only eleven cases which are specifically named by number and title, ten of which cases are expressly referred to in the note of evidence of the proceeding before the Commissioner, with the additional case of Mrs. Beatrice Hill Gallaud v. Willie Gallaud, No. 1042 of the docket of the Twenty-fifth Judicial District Court for the Parish of St. Bernard.

On the hearing of defendant's exception before this Court, the defendant produced as a witness Mrs. Irene Ricks Henry, who was the plaintiff in case No. 2012, entitled Mrs. Irene Ricks, wife of Edward M. Pluche, v. Edward M. Pluche. No objection was made by the Committee to Mrs. Henry's testimony in this case.

The ninth case mentioned in the plaintiff's petition is the case of Mrs. Irene Pluche v. Edward M. Pluche. The Committee alleges that the collusion charged to the defendant, the trial judge, and the litigants is shown by the fact that the petition fails to allege that either the plaintiff or the defendant resided continuously in the parish or State for four years and by plaintiff's allegation that she was a resident of the Parish of Orleans while failing to set forth her husband's residence; that the defendant accepted service on October 23, 1936, three days before the suit was filed, and that the preliminary default (which defendant shows was entered on November 10, 1936) was confirmed and judgment entered thereon on November 17, 1936. It is stated in the brief filed on behalf of defendant, and we do not understand the correctness of the statement is denied by the Committee, that the petition of divorce shows that the parties separated on February 27, 1930, "when they were residing in the Parish of St. Bernard," and that the evidence in the divorce case shows in part that the plaintiff "lived continuously in the State of Louisiana since her separation from her husband." Mrs. Irene Ricks

Pluche, after the divorce was granted, married Mr. Henry. In this case she testified that she sued her former husband, Edward M. Pluche, for divorce in the Parish of St. Bernard where he was residing in the Village of Poydras. She testified that they were married in New Orleans where she was living when the suit was brought; that after she and her husband separated, he left New Orleans and went to live in the Parish of St. Bernard with his family; that he lived there a number of years, the exact number she did not remember, and that she believed he served as a juryman in that Parish. The testimony of Mrs. Henry, which is not contradicted, makes a sufficient showing to acquit defendant of any unprofessional conduct in connection with her case.

In four of the remaining cases it is argued in the brief filed on behalf of plaintiff that the allegations and the proof are identical. The cases are Sansovich v. Sansovich, No. 1182; Appel v. Appel, No. 2008; Adam v. Cavallier, No. 2056; and Maxie v. Vinot, No. 2389, which were filed, respectively, in August, 1936, October, 1936, March 1937, and October, 1939.

It is stated in plaintiff's brief that the note of evidence in each of these cases recites that the plaintiff, in company with a friend, in three of the cases on foot, and in one case in an automobile, followed the defendant and a woman companion, whose name was unknown to the plaintiff; that in each case, the husband and his woman companion went to the same house on Bienville Street; that the plaintiff and her friend waited in front of the house to see how long the defendant and his companion would remain there, but after waiting about an hour the plaintiff and her friend departed. The Committee argues it is manifestly impossible that in those four cases, each involving different persons, the facts as alleged in the petitions, as well as the proof as reflected by the notes of evidence, should be identical, unless there was collusion between defendant and other persons. Be that as it may, as to those and the other cases mentioned in plaintiff's petition, with the exception of the case of Pluche v. Pluche, what we said in the case of In re William F. Roy, 204 La. 256, 15 So.2d 79, is appropriate.

In the Roy case, in speaking of the cases that were described in the petition by the title and docket number of each case, we said that "the petition apparently sets forth a cause of action, and is not vague or indefinite." We further said in the opinion that "it may be that the defendant's answer to the plaintiff's allegations with regard to each of the twenty-eight cases will exonerate the defendant. But it would be difficult and tedious, if not quite impossible, for the court to determine now whether the complaint of the committee is well founded with reference to the defendant's conduct in each of the twenty-eight cases, before the defendant has answered and has set forth his side of the controversy with regard to each of the twenty-eight cases." So we say here, as to the cases other than that of the case of Mrs. Irene Ricks, wife of Edward M. Pluche, v. Edward M. Pluche, described in plaintiff's petition by title and number, the petition sets forth a

cause of action. That it may be the answer to the plaintiff's charges with regard to those cases will exonerate the defendant, "but," as stated in the Roy case, "it would be difficult and tedious, if not quite impossible, for the court to determine now whether the complaint of the committee is well founded with reference to the defendant's conduct in each of" the ten cases in question "before the defendant has answered" and produced evidence in support of the allegations in his answer.

It is stated in the brief filed on behalf of defendant that the case of Mrs. Beatrice Hill Gallaud v. Willie Gallaud, No. 1042 of the docket of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard, referred to in the petition, does not involve the defendant. This fact may be set up in the answer and proof produced to substantiate the fact on the trial of the case.

■ It goes without saying that the Disbarment Committee having brought the charges set forth in the petition and annexed documents against the defendant, the burden is upon the Committee to sustain the charges by the production of lawful evidence when the case is heard on its merits. If the Committee fails to sustain the charges by the production of such evidence, the proceeding will be dismissed by this Court in due course. In re Reed, 203 La. 1008, 14 So.2d 818.

For the reasons assigned, the exception of no right or cause of action is overruled, and the defendant is granted a delay of thirty days from the date on which this

decree becomes final within which to file his answer.

O'NIELL, C. J., concurs in the decree because Fallon appeared before the committee and tacitly waived whatever objection he might have had to the form or sufficiency of the notice.

FOURNET, J., concurs in the decree.