451 So.2d 561 (1984)
LOUISIANA STATE BAR ASSOCIATION
v.
Clyde P. MARTIN, Jr.
No. 83-B-0578.
Supreme Court of Louisiana.
May 14, 1984.
Thomas O. Collins, Jr., Richard A. Deas, Wood Brown, III, New Orleans, Robert J. Boudreau, Lake Charles, Sam J. D'Amico, Baton Rouge, Carrick R. Inabnett, Monroe, Harold J. Lamy, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pe้, Metairie, Roland J. Achee, Shreveport, Gerard *562 F. Thomas, Natchitoches, Counsel for relator.
Clyde P. Martin, in pro. per.

DISCIPLINARY PROCEEDINGS
MARCUS, Justice.
The Louisiana State Bar Association, through its Committee on Professional Responsibility, instituted this disciplinary proceeding against Clyde P. Martin, Jr., a member of said association. The committee conducted an investigation of respondent's alleged misconduct in accordance with article 15, section 3 of the articles of incorporation of the association. The committee by certified mail dated June 7, 1982 sent respondent notice of six separate specifications of misconduct which would be heard at a formal investigatory hearing to be held on July 8, 1982.
Specification No. 1 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Gerald J. Dicharry, Jr. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Dicharry. Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102[[1]] and 9-102[[2]] of the Code of Professional Responsibility for this Association.
Specification No. 2 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Frank J. Andel, Jr. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Andel. Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility for this Association.
Specification No. 3 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Paul Duplantis. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Duplantis. *563 Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility for this Association.
Specification No. 4 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Melvin B. Collins. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Collins. Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility for this Association.
Specification No. 5 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Oscar Rowe. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Rowe. Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility for this Association.
Specification No. 6 alleged:
You were retained to pass an act of sale and prepare mortgages on behalf of Normand R. Sheeren. Said mortgage and act was to be recorded to effect the transfer of property and to secure loan made from the New Orleans Engineering District Federal Credit Union to Mr. Sheeren. Despite payment of your fee and repeated demands, you have failed, refused and neglected to file the act of sale on the mortgage, causing injury and damage to your client. All in violation of Disciplinary Rules 1-102 and 9-102 of the Code of Professional Responsibility for this Association.
At respondent's request, the hearing date was continued and respondent was notified by certified letter dated October 15, 1982 of the new hearing date of November 17, 1982. Respondent did not appear at the formal investigatory hearing held on the scheduled date in accordance with article 15, section 3(b) of the articles of incorporation; nor was he represented by counsel.
Based on the evidence adduced at the formal investigatory hearing, the committee, by a majority vote, was of the opinion that respondent had been guilty of a violation of the laws of this state relating to the professional conduct of lawyers and to the practice of law of sufficient gravity as to evidence a lack of moral fitness for the practice of law; that, specifically, respondent was guilty of the misconduct set forth in Specifications Nos. 1, 2, 3, 4, 5 and 6. On March 15, 1983, the committee instituted in this court a suit for disciplinary action against respondent under the provisions of article 15, section 4(c) of the articles of incorporation. The petition was duly served upon respondent, but he failed to answer the petition. Thereafter, on motion by the committee, we appointed Rufus C. Harris, Jr. commissioner to take evidence and to report to this court his findings of fact and conclusions of law. Louisiana State Bar Association Articles of Incorporation art. 15, งง 6(b) & 6(d).
A hearing before the commissioner was conducted on October 11, 1983. Although respondent had been notified by certified letter dated September 23, 1983 of the hearing date, he neither appeared nor was represented by counsel. The committee introduced into evidence, without objection, the entire record of the earlier investigatory hearing. Upon termination of the hearing, the commissioner filed with this court his written report wherein he stated his findings of fact and conclusions of law and *564 recommended a two-month suspension from the practice of law as the appropriate disciplinary action. The committee filed its concurrence in the commissioner's findings of fact and conclusions of law, but filed an opposition to the commissioner's recommendation of appropriate disciplinary action, arguing that this court should consider a longer period of suspension than two months. Respondent did not except to the commissioner's report. After oral argument before this court, at which respondent neither appeared nor was represented by counsel, the matter was submitted for our determination on the record before the commissioner.
The bar association has the burden of establishing by clear and convincing evidence that respondent was guilty of the alleged specifications of misconduct. Louisiana State Bar Association v. Dowd, 445 So.2d 723 (La.1984).
Respondent was retained in 1979 by the New Orleans Engineering District Federal Credit Union to pass by notarial act five acts of mortgage and one act of sale and mortgage and to record the mortgages in the mortgage office and register the sale in the conveyance office. In each of the six specifications of misconduct, the mortgagors paid respondent his fees for the preparation, passage and recordation of the acts and advanced him money to cover the recordation costs. Although respondent did prepare and pass all of the acts in question, he did not record or register any of them despite repeated requests to do so by the mortgagee credit union and several of the mortgagors. To date, respondent has not taken any action to conclude the work contracted for or to return the monies advanced him for said work.
Based upon the evidence in the record before the commissioner, we find that respondent was guilty on all six counts of neglecting a legal matter entrusted to him in violation of DR 6-101(A)(3)[3] of the Code of Professional Responsibility.
We must now decide what disciplinary action is appropriate in this matter. Although the commissioner recommended a two-month suspension from the practice of law, the committee in its brief to this court argued that a one-year suspension would be a more appropriate sanction in this case. The purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the Code of Professional Responsibility. The discipline to be imposed will depend on the seriousness of the offense involved and the facts and circumstances of each case. The court *565 will take into account both aggravating and mitigating circumstances. Louisiana State Bar Association v. Dowd, supra; Louisiana State Bar Association v. Bubert, 421 So.2d 831 (La.1982).
In the case at bar, respondent neglected six legal matters entrusted to him for which he had been advanced fees and recordation costs and has presented no evidence of mitigating circumstances. In fact, he has failed to cooperate with either the committee or the commissioner in the investigation of this matter; nor has he filed a brief or made any appearance in this court. This court has held that a lengthy suspension is appropriate when a defendant in a lawyer disciplinary proceeding fails to cooperate because that "lack of cooperation indicates he has no intention of reforming his conduct." Louisiana State Bar Association v. Thompson, 427 So.2d 1144 (La.1983). Furthermore, respondent received six public reprimands in 1982 from the Louisiana State Bar Association for six previous counts of failing to record mortgages and register sales after having accepted payment for the performance of such services. However, in the instant case, the record does show that, as of the date of the investigatory hearing, no party was injured as a result of respondent's failure to record the acts in question.
In view of respondent's lack of cooperation in this matter and his history of professional misconduct, we find that a six-month suspension from the practice of law is the appropriate penalty in this case.

DECREE
For the reasons assigned, it is ordered that Clyde P. Martin, Jr. be suspended from the practice of law in the State of Louisiana for the period of six months. Respondent is to bear all costs of these proceedings.
NOTES
[1] DR 1-102. Misconduct.

(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
(2) Circumvent a Disciplinary Rule through actions of another.
(3) Engage in illegal conduct involving moral turpitude.
(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
(5) Engage in conduct that is prejudicial to the administration of justice.
(6) Engage in any other conduct that adversely reflects on his fitness to practice law.
[2] DR 9-102. Preserving Identity of Funds and Property of a Client

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay bank charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
(B) A lawyer shall:
(1) Promptly notify a client of the receipt of his funds, securities, or other properties.
(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.
(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.
[3] DR 6-101. Failing to Act Competently

(A) A lawyer shall not:
. . . .
(3) Neglect a legal matter entrusted to him. Although the specifications of misconduct as set forth in the committee's petition for disciplinary action only charged respondent with violating DR 1-102 and DR 9-102, not DR 6-101(A)(3), such omission is of no moment. Formal and technical pleadings are not essential in disciplinary proceedings against an attorney. All that is required is that the charges against the defendant shall be so specific as to fairly inform him of the misconduct of which he is accused. In re Fallon, 204 La. 955, 16 So.2d 532 (1943); In re Reed, 203 La. 1008, 14 So.2d 818 (1943). The specifications of misconduct alleged that respondent "failed, refused and neglected to file" the documents in question, clearly notifying respondent that he was being accused of misconduct constituting a violation of DR 6-101(A)(3), that is, of neglecting a legal matter entrusted to him. Moreover, the commissioner established in his findings of fact that there was sufficient evidence in the record to support such an allegation. He found that "[t]he uncontroverted testimony at the hearing show[s] that Clyde P. Martin was engaged ... to prepare and record first and second mortgages and, in one instance, to prepare an act of sale and, despite having been requested on numerous occasions to do so, by telephone and by letters, failed to file such instruments." The commissioner also determined in his conclusions of law that respondent was guilty of neglecting a legal matter entrusted to him. The commissioner concluded that "[respondent] has failed in a number of instances to appropriately record security devices to protect the clients and other parties. He has shown a wanton indifference to his clients and his law practice in general by failing to answer letters, appear at hearings and to perform his duties as a lawyer."