532 So.2d 1151 (1988)
LOUISIANA STATE BAR ASSOCIATION
v.
Richard BOUTALL.
No. 87-B-1639.
Supreme Court of Louisiana.
October 31, 1988.
*1152 Thomas O. Collins, Jr., New Orleans, Cheri Ann Cotogno, Arabi, Gerard F. Thomas, Natchitoches, Roland J. Achee, Shreveport, Robert J. Boudreau, Lake Charles, Robert M. Contois, Frank J. Gremillion, Baton Rouge, Carrick R. Inabnett, Monroe, Harvey Lewis, New Orleans, Alfred S. Landry, New Iberia, Philippi P. St. Pe, Metairie, for applicant.
Richard J. Boutall, pro se and Milton P. Masinter, New Orleans, for respondent.
DENNIS, Justice.
Petitioner, the Louisiana State Bar Association, through its Committee on Professional Responsibility, seeks to have the respondent, Richard J. Boutall, suspended from the practice of law for disciplinary rule violations.

PLEADINGS
The Committee alleges that respondent Boutall violated disciplinary rules 1-102(A), 6-101(A)(3), 7-101(A)(2), (3) and 8.4(g) of the Rules of Professional Conduct in that he neglected separate legal matters entrusted to him by three clients, failed to act with reasonable diligence and promptness in representing these clients, failed to respond to lawful demands for information from a disciplinary authority, and failed to cooperate with the Committee in its investigation of these three cases and complaints by five other former clients.

FACTS
There is no dispute as to the basic facts. Essentially, the respondent neglected a legal matter entrusted to him by each of three clients, and when the Committee investigated complaints filed by these clients and five others, the respondent intentionally failed to cooperate. The respondent concedes the finding of these facts as set forth in the Commissioner's report.
The Committee has filed a brief in which it agrees with the Commissioner's findings and adds observations based on the record. From our review of the record, we conclude that the Committee's description of the evidence is accurate and adopt it as our own:
In connection with specification number 2, COPR FILE NO. 7794, Mitchell Lobrovich paid a $500.00 retainer to Richard Boutall in June of 1984 in connection with an alleged breach of a territorial franchise. Mitchell Lobrovich discharged Richard Boutall in approximately October of 1984 because Richard Boutall did not perform the services contracted for. Also, numerous attempts by Mitchell Lobrovich to contact Richard Boutall were to no avail. The Commissioner found that there is conflicting testimony as to the extent of legal services performed. The Commissioner found that some services were performed in return for the $500.00 but that Richard Boutall still failed to carry out the contract of employment with Mitchell Lobrovich. Mitchell Lobrovich testified that he called Richard Boutall approximately forty (40) times within a month, never receiving an answer to any of his calls. Mitchell Lobrovich further testified that on October 2, 1984 he met with Richard Boutall and was told that he would receive a portion of the retainer fee back as only a few letters were written on his behalf. According to Mitchell Lobrovich, on page 13 of the transcript of the investigatory hearing, he went to Richard Boutall's office the next day, October 3, 1984 and Richard Boutall never showed up. Mitchell Lobrovich then hired another attorney to represent him.
In connection with specification 7, Yvonne Corio employed Richard Boutall in approximately July of 1985 in connection with an automobile accident. There was a contingency fee agreement and no retainer was paid. Numerous attempts by Yvonne Corio to contact Richard Boutall were to no avail. Richard Boutall [apparently] did not file an appearance as Attorney of Record. Further, attempts by Yvonne Corio to obtain her file were to no avail. Yvonne Corio contacted the Committee regarding the release of her file in November of 1985. Richard Boutall knew in November of 1985 that Ms. Corio was seeking her file. It was not until January of 1987 that Richard Boutall released Yvonne Corio's file.
In connection with specification 8, COPR FILE NO. 8438, Nell Jordan retained Richard Boutall regarding a claim for past due *1153 child support. Nell Jordan furnished to Richard Boutall the sum of $375.00. Numerous attempts by Nell Jordan to communicate with Richard Boutall were to no avail. Richard Boutall failed to advise Nell Jordan of the status of her case. The testimony indicates that in November of 1984 Richard Boutall could not get the social security number for Roberta Jordan, the complainant's ex-husband's wife and that a dead end was reached. Richard Boutall failed to advise Nell Jordan of this. It was not until January of 1987, that Richard Boutall furnished Nell Jordan with her file and advised her that he could no longer be of any assistance to her. The Commissioner found that there is conflicting testimony as to the services performed for the $375.00 but that the evidence indicates that Richard Boutall failed to carry out the contract of employment.
In connection with specification 9, concerning Richard Boutall's failure to cooperate, the Commissioner found this to be the most egregious complaint. Richard Boutall blatantly failed, refused, and neglected to cooperate and exhibited a total disregard of the orders and authority of the Committee on Professional Responsibility and of the Louisiana Supreme Court. The Commissioner found that in connection with eight (8) complaints filed by former clients of Richard Boutall, the Committee was met with dilatory tactics and contemptiable [sic] conduct on the part of Richard Boutall. The Commissioner found that Richard Boutall failed to respond to subpoenas, failed to provide promised documentary proof, failed, refused, and neglected to submit formal responses and in five (5) cases required a Motion For Citation For Contempt. The Commissioner on the second to last page of his report indicates that such total disregard for the authority of the Supreme Court of the State of Louisiana and its duly impowered [sic] agency should not go unpunished.

DISCIPLINE
In determining the appropriate sanction after a finding of lawyer misconduct, we will consider the factors recommended by the ABA Sanctions Standards, viz. (a) the duty violated; (b) the lawyer's mental state; (c) the actual or potential injury caused by the lawyer's misconduct; and (d) the existence of aggravating or mitigating factors. ABA Standards for Imposing Lawyer Sanctions, § 3.0 (hereinafter referred to as "Standards"); LSBA v. Krasnoff, 515 So.2d 780 (La.1987).
Absent aggravating or mitigating circumstances, upon application of the factors set out above, suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. Standards, § 4.42. We find that the Committee has proved by clear and convincing evidence or to a high probability that respondent engaged in a pattern of neglect causing actual or potential injury to three of his clients. The Committee did not prove by the required standard, however, that the respondent knowingly failed to perform services or that any client suffered serious injury. Respondent's failure to act with reasonable diligence and promptness caused each of his clients delay in the enforcement of his or her legal rights, as well as the potential loss of those rights. But there is no evidence that respondent's delay created any legal obstacle to any client's effective prosecution of his or her claim with other counsel. In two of the cases the client employed another attorney after discharging respondent and in one instance a client settled his case for a substantial sum.
Further, we find that respondent failed to respond to lawful demands for information from the Committee and failed to cooperate with the Committee in its investigation. This aggravating factor must be considered along with the attorney's prior disciplinary offense which resulted in a public reprimand for failure to cooperate in a prior disciplinary case, the respondent's pattern of misconduct in this case, the multiplicity of his present offenses, the vulnerability of the victims, and the respondent's substantial experience of some twelve years in the practice of law. See Standards, § 9.22(a), (c), (d), (e), (h) and (i).
In mitigation we have considered the absence of a dishonest or selfish motive on *1154 the respondent's part in his misconduct. Standards, § 9.32(b). His infractions involve primarily neglect through procrastination and lack of communication with his clients, rather than affirmative misrepresentations, criminal actions, or other dishonest acts or omissions.
Considering the foregoing relevant factors, we conclude that a sanction of nine months' suspension should be imposed. We agree with the Committee that a six months' suspension would not be sufficient in view of the respondent's failure to cooperate with the Committee in its investigation and the other aggravating factors. We have chosen a sanction of less than one year's suspension, however, because we do not believe that the respondent knowingly failed to perform services or that he caused significant injury to any client's cause. Accordingly, the respondent, Richard J. Boutall, is suspended from the practice of law for nine months and is ordered to pay all costs of these proceedings.
ATTORNEY SUSPENDED FOR NINE MONTHS.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I concur in the nine-month suspension, but believe that such a suspension would be excessive for neglect through procrastination and failure to communicate with clients. In this case, however, the attorney accepted advances on his fee from two clients and not only failed to perform the services for which he was employed, but also failed to refund the portion of the funds that was not earned as a fee, failed to return the files to one client for more than one year and to another client for more than two years, and failed to respond to legal process issued under this court's authority. These additional factors warrant the penalty imposed.