731 So.2d 185 (1999)
In re Terrance J. POWERS.
No. 98-B-2826.
Supreme Court of Louisiana.
January 29, 1999.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This attorney disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel ("ODC") against respondent, Terrance J. Powers, an attorney licensed to practice law in the State of Louisiana.

UNDERLYING FACTS
In August of 1994, Denis Holt paid respondent a $1,250 retainer fee in connection with a redhibition matter. Respondent initially pursued the matter; however, on March 2, 1995, he failed to appear at a scheduled deposition. Subsequently, respondent did little or nothing on behalf of his client. In addition to failing to communicate with his client, respondent failed to provide an accounting or to return the unearned portion of the retainer fee.
In April of 1996, Mr. Holt filed a complaint with the ODC. Respondent failed to cooperate in the ODC's investigation, requiring the ODC to issue a subpoena compelling his appearance for a scheduled deposition. Respondent appeared, but he failed to produce the requested documents. During its investigation, the ODC learned respondent had been ineligible to practice *186 since August 16, 1996, due to his failure to complete his Mandatory Continuing Legal Education ("MCLE") requirements.[1]

DISCIPLINARY PROCEEDINGS
After the completion of its investigation, the ODC filed formal charges. The charges primarily alleged respondent failed to represent Mr. Holt with competence and diligence, in violation of Rules 1.1(a)[2] and 1.3[3] of the Rules of Professional Conduct, failed to communicate with his client in violation of Rule 1.4[4] and failed to refund an unearned fee, in violation of Rule 1.5(f) and Rule 1.16(d).[5] Additionally, the charges alleged respondent failed to comply with his MCLE requirements in violation of Rule 1.1(b),[6] and failed to cooperate with the ODC's investigation, in violation of Rule 8.4.[7]
Respondent failed to file an answer to the charges, although he was granted an extension of time to answer. As a result, pursuant to Supreme Court Rule XIX, § 11(E)(3), no formal hearing was held, but the parties were allowed to present documentary evidence on the issue of sanctions. The ODC submitted its evidence, but respondent failed to do so.

Hearing Committee Recommendation
The hearing committee concluded all the allegations of the formal charges were proven. As aggravating factors, it found respondent had a prior disciplinary record involving similar misconduct,[8] failed to cooperate with the ODC and failed to make restitution. It found no evidence of any mitigating circumstances.
Based on these factors, the hearing committee recommended that respondent be suspended from the practice of law for a period of one year and one day. Additionally, it recommended he be required to make full restitution of any unearned fees to the complainant.

Disciplinary Board Recommendation
The disciplinary board concurred in the findings of the hearing committee. It concluded respondent's conduct was knowing, *187 if not intentional. Additionally, it recognized respondent still owed his client the unearned portion of the retainer, and he owed $200 to the opposing counsel in the underlying litigation for the expenses incurred for the deposition he failed to attend.[9]
Relying on the ABA Standards for Imposing Lawyer Sanctions[10] and jurisprudence from this court,[11] the board recommended respondent be suspended from the practice of law for a period of one year and one day, and be required to pay restitution.[12]
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.

DISCUSSION
The record supports the findings of fact made by the hearing committee, and demonstrates that respondent failed to act with diligence, abandoned his client, failed to communicate with his client, failed to return the unearned portion of the retainer fee and failed to cooperate with the ODC. There are several aggravating factors present, the most significant of which is respondent's prior disciplinary record for similar misconduct. Based on these factors, we conclude a suspension from the practice of law for a period of one year and one day is appropriate and consistent with the prior jurisprudence of this court.

DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Terrance J. Powers be suspended from the practice of law for a period of one year and one day. Respondent is ordered to make restitution as ordered by the disciplinary board. Respondent's payment of restitution or good faith efforts at restitution will be considered in the event respondent applies for readmission. Pursuant to Supreme Court Rule XIX, § 10.1, all costs and expenses in this matter are assessed against respondent, with legal interest to commence thirty days from the date of finality of this judgment until paid.
NOTES
[*] Kimball, J. not on panel. Rule IV, Part II, § 3.
[1] At the time the disciplinary board rendered its report in this matter, respondent still had not completed his MCLE requirements and remained ineligible to practice law.
[2] Rule 1.1(a) provides in pertinent part:

A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.
[3] Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.
[4] Rule 1.4 provides in pertinent part:

A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
[5] Rule 1.5(f) sets forth the rules for payment of fees in advance, and provides that in the event of a dispute between the lawyer and client, "the lawyer shall immediately refund to the client the unearned portion of the fee, if any." Rule 1.16(d) provides that when an attorney terminates representation of a client, the lawyer must refund "any advance payment of fee that has not been earned."
[6] Rule 1.1(b) provides:

A lawyer is required to comply with the minimum requirements of continuing legal education as prescribed by Louisiana Supreme Court rule.
[7] Rule 8.4 provides in pertinent part:

It is professional misconduct for a lawyer to:
* * *
(g) Except upon the expressed assertion of a constitutional privilege, to fail to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct.
[8] On August 4, 1997, respondent was admonished for his failure to respond to correspondence from the ODC which necessitated the issuance of a subpoena for his testimony and production of documents. (97-ADB-050). On February 2, 1996, he was admonished for permitting a client's case to prescribe for lack of diligence. It was determined that, after respondent decided not to take the case for lack of insurance, he failed to withdraw from his representation and failed to advise his client of the law on prescription. (96-ADB-011).
[9] When respondent failed to appear at the March 2, 1995 deposition in Mr. Holt's case, David Carollo, opposing counsel, sought the imposition of sanctions. Later, respondent entered into an agreement with Mr. Carollo providing respondent would reimburse counsel for the expenses incurred for the deposition in exchange for the dismissal of the request for sanctions. Although Mr. Carollo dismissed the request for sanctions, the board found respondent failed to pay him the $200 as agreed.
[10] ABA Standard 4.41. provides disbarment is appropriate when a lawyer abandons the practice, or knowingly fails to perform services for a client, and causes potentially serious injury to a client. Standard 7.2 suggests suspension when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system. Standard 8.3(b) suggests reprimand when a lawyer has received an admonition for similar acts of misconduct and engages in further acts of misconduct that causes injury or potential injury.
[11] The board relied on In re: Crittenden, 95-2050 (La.1/16/98), 666 So.2d 649 (one year suspension plus probation for negligence and failure to cooperate); Louisiana State Bar Ass'n v. Boutall, 532 So.2d 1151 (La.1988) (nine-month suspension for three counts of neglect); Louisiana State Bar Ass'n v. Lyons, 491 So.2d 369 (La.1986) (two year suspension for three counts of neglect and deceit).
[12] Specifically, the board recommended that respondent make full restitution of any unearned fee to Mr. Holt, and pay the $200 to Mr. Carollo, as he previously agreed.