*1203 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Charles D. Jones, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon his conviction of a serious crime. In re: Jones, 10-2047 (La.9/20/10), 44 So.3d 262.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1975. Since that time, respondent has been admonished or privately reprimanded on eight occasions for neglecting legal matters, failing to communicate with clients, failing to refund unearned fees, and failing to cooperate in disciplinary investigations. All of these proceedings occurred between 1988 and 1991.
Additionally, this court has considered two disciplinary matters involving respondent. In the first case, respondent neglected the legal matters of seven clients, failed to timely refund unearned fees, and failed to cooperate in disciplinary investigations. For this misconduct, we suspended respondent from the practice of law for a period of six months. Louisiana State Bar Ass’n v. Jones, 570 So.2d 1161 (La.1990) (“Jones I”). In the second case, respondent was | ¡.suspended from the practice of law for one year and one day, with six months and one day deferred, followed by a period of probation with conditions. In re: Confidential Party C.D.J., 608 So.2d 159 (La.1992) (“Jones II”).
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In April 2009, in the disciplinary board’s docket number 09-DB-023, the ODC filed formal charges against respondent arising out of two client matters. Respondent answered the formal charges, admitting some misconduct and denying other misconduct. The matter then proceeded to a formal hearing on the merits, conducted by the hearing committee over two days in February 2010.
In September 2010, the ODC filed a second set of formal charges against respondent in 10-DB-055, alleging that he had been convicted of the criminal offense of tax evasion and making and filing a false tax return. Respondent answered the formal charges and admitted his criminal conviction. This matter was submitted to a separate hearing committee solely on documentary evidence.
Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recom *1204 mendation of discipline encompassing both sets of formal charges.

09-DB-023

Count I — The Williams Matter
In March 2002, respondent filed an employment discrimination suit on behalf of Letrina Williams in the action entitled Letrina Williams v. Atrium Hotel & Conference Center, et al., No. 02-0409 on the docket of the United States District Court for the Western District of Louisiana, Monroe Division. Respondent |Rdid not name the proper party defendant, and in March 2005, he filed an amended complaint substituting Prism Hotels in place of Atrium Hotel and Conference Center. Under the Federal Rules of Civil Procedure, respondent was required to perfect service on Prism Hotels within 120 days of filing the amended complaint, or by July 2, 2005; however, he failed to do so.
In May 2005, the federal district court issued a scheduling order setting a pretrial conference on January 5, 2006. Respondent was required to submit his proposed pre-trial order and pre-trial submissions by January 3, 2006, but he failed to timely submit any of the required documents. On January 4, 2006, respondent filed a motion to continue the January 5th pre-trial conference based upon his failure to serve Prism Hotels. The court denied the motion and required respondent to attend the pre-trial conference, noting that respondent “has had over one year to perfect service on the proper defendant.” When respondent nonetheless failed to appear at the pre-trial conference, the federal court ordered him to show cause why sanctions should not be imposed. On February 1, 2006, respondent was sanctioned $500 for failing to comply with the scheduling order.[1]
Meanwhile, on January 26, 2006, Ms. Williams’ lawsuit was dismissed due to respondent’s failure to prosecute and serve Prism Hotels, the sole remaining defendant. On January 27, 2006, a return of service on Prism Hotels was filed into the court record. Upon learning of the dismissal of her suit from the clerk’s office, Ms. Williams filed a complaint against respondent with the ODC in April 2006.
On December 30, 2006, respondent filed a Motion and Order for Relief from Judgment seeking to reinstate Ms. Williams’ lawsuit. In support, respondent claimed that his failure to prosecute and serve Prism Hotels resulted from difficulty in determining and locating the proper defendant. Respondent also asserted that |4the demands of his work as a state legislator made it difficult for him to comply with court deadlines and to prosecute pending cases. In February 2007, the federal court denied respondent’s motion, finding that it was untimely because it was not filed until more than eleven months after service was effectuated on Prism Hotels. Moreover, the court reasoned that even if the motion had been timely filed, respondent was required to serve Prism Hotels by July 2, 2005, and his asserted difficulty in locating and serving the defendant was insufficient to excuse his failure to make service until January 2006.[2]
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a *1205 client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 3.2 (failure to make reasonable efforts to expedite litigation consistent with the interests of the client), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
In his answer to the formal charges, respondent acknowledged that “a lack of diligence, promptness and a failure to expedite litigation may have caused or contributed to the dismissal of the underlying litigation.” However, respondent denied that he knowingly disobeyed an obligation under the rules of a tribunal or that his conduct was dishonest or prejudicial to the administration of justice. He also denied that Ms. Williams suffered significant harm as a result of his admitted misconduct.
| sCount II — The Nation Matter
Respondent represented Lee Dell Nation, Jr. in the criminal case captioned United States v. Nation, No. 02-30043 on the docket of the United States District Court for the Western District of Louisiana, Monroe Division. Mr. Nation pleaded guilty to a narcotics charge in 2003 and was subsequently sentenced to serve 235 months in prison. In March 2005, respondent filed on Mr. Nation’s behalf a Motion to Review, Modify and Reduce Sentence pursuant to 28 U.S.C. § 2255 (hereinafter referred to as a “2255 motion”). This motion was dismissed without prejudice because Mr. Nation’s appeal of his sentence was then still pending.
In July 2005, the United States Fifth Circuit Court of Appeals affirmed Mr. Nation’s conviction and sentence. Although respondent had agreed to re-file the 2255 motion in the event of an adverse ruling by the court of appeals, he failed to do so by October 4, 2006, as required by statute. Nevertheless, in response to repeated inquiries from Mr. Nation and several of his family members regarding the filing, respondent and his assistant represented that a new 2255 motion had been timely filed. Respondent did not check Mr. Nation’s file or the court docket to ensure this representation was accurate.
In January 2007, when Mr. Nation still had not received a copy of the 2255 motion from respondent, he requested that a family member contact the clerk of court’s office regarding the matter. It was at this point that Mr. Nation learned no new 2255 motion had been filed on his behalf. He then prepared and filed a pro se motion requesting equitable tolling of the one-year limitations period on the ground that respondent failed to timely file the 2255 motion as he had agreed to do and made misrepresentations regarding same. In February 2007, after learning of Mr. Nation’s pro se filing, respondent filed on behalf of Mr. Nation a Motion to Re-Urge Motion to Review, Modify and Reduce Sentence in which he acknowledged that he told Mr. Nation the new 2255 motion would be filed in | ^October 2006. Respondent also indicated that the motion had been drafted but was inadvertently not filed with the court.
Mr. Nation’s motion was referred to a federal magistrate judge for an evidentiary hearing. Following the hearing, the magistrate judge recommended that Mr. Nation be afforded equitable tolling of the limitations period for filing his 2255 motion. In her written reasons, the magistrate judge concluded that respondent had “intentionally and repeatedly misrepresented” to Mr. Nation and his family that the 2255 motion had been timely filed “without making any effort whatsoever to confirm *1206 the veracity of [these] statements.” The magistrate judge further observed that Mr. Nation, who was diligent in the pursuit of his rights under § 2255, reasonably relied on these misrepresentations, and was therefore entitled to equitable relief. The federal district judge approved and adopted the magistrate judge’s findings and granted Mr. Nation’s motion by order dated July 18, 2007.[3]
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a), 1.3, 1.4, 5.3 (responsibilities regarding non-lawyer assistants), 8.4(c), and 8.4(d).
In his answer to the formal charges, respondent acknowledged that “he and his staff committed errors” in handling Mr. Nation’s 2255 motion, and that “a lack of diligence and promptness may have caused said untimely filing.” Respondent also admitted that he “did not properly communicate accurate information to the client and his family in connection with the 2255 motion, due to error,” and that he had failed to properly supervise his non-lawyer staff. However, respondent denied that his conduct was dishonest or prejudicial to the administration of justice. He 17also denied that Mr. Nation suffered significant harm as a result of his admitted misconduct.

Hearing Committee Report

As previously indicated, this matter proceeded to a formal hearing on the merits conducted in February 2010. After considering the testimony and evidence presented at the hearing, the hearing committee made detailed factual findings consistent with the underlying facts set forth above. Based upon these findings, and considering respondent’s acknowl-edgement of certain rule violations alleged in the formal charges, the committee determined respondent violated Rules 1.1(a), 1.3, 1.4, 3.2, and 3.4(c) in the Williams matter and Rules 1.1(a), 1.3, 1.4, and 5.3 in the Nation matter. The committee found no clear and convincing evidence that respondent violated Rule 8.4(c) as charged in both Counts I and II. The committee did not specifically address the alleged violation of Rule 8.4(d), other than to note respondent’s denial that his conduct violated the rule.
The committee determined respondent’s conduct in the Williams matter was not intentional, but fell “somewhere between gross negligence and knowingly committed.” Respondent acted negligently in the Nation matter. The committee found the baseline sanction for respondent’s misconduct ranges from reprimand to suspension.
In aggravation, the committee found the following factors: a prior disciplinary record, a pattern of misconduct, and substantial experience in the practice of law. The committee found the following mitigating factors are present: absence of a dishonest or selfish motive, timely good faith effort to rectify the consequences of the misconduct (as to the Nation matter only), full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remoteness of prior offenses. The committee also noted in [ 8mitigation that since 2008, respondent has taken a number of remedial measures to ensure the efficient management of his law office.
Under these circumstances, the committee recommended respondent be suspended from the practice of law for two years, with twenty-one months deferred, followed by a two-year period of probation with conditions.
*1207 The ODC filed an objection to the hearing committee’s determination that respondent did not violate Rule 8.4(c), and to the leniency of the sanction proposed by the committee.

10-DB-055

In January 2008, a federal grand jury indicted respondent on one felony count of tax evasion, a violation of 26 U.S.C. § 7201, and two felony counts of making and subscribing a false tax return, a violation of 26 U.S.C. § 7206(1). The indictment alleged that respondent submitted tax returns for 1999 and 2000 in which he purposely under-reported his income. He was also accused of an intricate scheme in which he allegedly converted more than $750,000 in legal fees into cashier’s checks and cash and then bought property and a certificate of deposit in order to avoid paying a substantial amount of income tax. Following a six-day jury trial in August 2010, respondent was found guilty on all counts. He was subsequently sentenced to serve 27 months in prison and was ordered to pay $305,174.05 in restitution to the Internal Revenue Service.[4]
The ODC alleged respondent violated the following provisions of the Rules of Professional Conduct: Rules 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) and 8.4(c).
| ^Hearing Committee Report
As previously indicated, no formal hearing was held in 10-DB-055, but rather, the parties consented to submit the matter to the hearing committee solely on documentary evidence.
In its report, the committee found that, based upon his criminal conviction, respondent violated the Rules of Professional Conduct as charged in the formal charges. The committee recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

09-DB-023 & 10-DB-055

Disciplinary Board Recommendation

After reviewing the record, the disciplinary board determined that the factual findings of the hearing committees are not manifestly erroneous. Based on these findings, the board determined that respondent violated the Rules of Professional Conduct as set forth in the formal charges, except that he did not violate Rule 8.4(c) as charged in Counts I and II of 09-DB-023.
With respect to 09-DB-023, the board determined respondent violated duties owed to his client and the legal system. His actions were at least grossly negligent and perhaps even knowing, and they caused actual harm to his client and the legal system. In 10-DB-055, respondent intentionally violated duties owed to the public by failing to maintain the high standards of personal integrity upon which the public relies. His criminal conduct serves to undermine the public’s confidence in the legal profession and the integrity of officers of the court.
In mitigation, the board found the absence of a dishonest or selfish motive (as to 09-DB-023 only), timely good faith effort to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative | inattitude toward the proceedings, imposition of other penalties or sanctions (as to 10-DB-055 only), and remoteness of prior offenses. The board found the following aggravating factors are present: a prior disciplinary record, a dishonest or selfish *1208 motive (as to 10-DB-055 only), a pattern of misconduct, and substantial experience in the practice of law.
Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction in 09-DB-023 is suspension and in 10-DB-055 is disbarment. Relying on the prior jurisprudence of this court, the board concluded that the appropriate sanction for the “misconduct in both matters combined” is disbarment. Accordingly, the board recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In this consolidated matter, the record reflects that respondent failed to provide competent representation to two clients. He neglected their legal matters and failed to communicate with them in a reasonable manner. Respondent also h, failed to fulfill his obligations to a federal court and failed to adequately supervise the actions of his non-lawyer staff. Moreover, respondent was convicted of tax evasion and two counts of making and subscribing a false tax return. This conduct violated the Rules of Professional Conduct as found by the disciplinary board.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Taking all of respondent’s misconduct together, the applicable baseline sanction is clearly disbarment. Respondent acted knowingly in the first set of formal charges, and he acted intentionally in the second set of formal charges. Respondent’s conduct caused actual harm to his clients, the public, and the legal system. The record supports the aggravating and mitigating factors found by the board.
Under the circumstances, and particularly considering the pattern of respondent’s misconduct, we find no reason to deviate downward from the baseline sanction of disbarment. Accordingly, we conclude the board’s recommendation is appropriate, and we will order that respondent be disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the *1209 record, it is ordered [12that Charles D. Jones, Louisiana Bar Roll number 7476, be and he hereby is disbarred, retroactive to September 20, 2010, the date of his interim suspension. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The order imposing the $500 sanction against respondent also referred to two other cases pending before the federal court wherein respondent had been required to show cause why he should not be sanctioned for failing to comply with a scheduling order.

. Ms. Williams subsequently filed a legal malpractice suit against respondent. In January 2010, the parties reached a confidential settlement agreement.

. In subsequent proceedings in the criminal case, Mr. Nation’s term of imprisonment was reduced to 188 months based upon amendments to the federal sentencing guidelines.

. Respondent’s conviction and sentence were affirmed in an unpublished opinion of the United States Fifth Circuit Court of Appeals dated January 25, 2012.